**Ann TRIPLETT, Executrix of the Estate of Oral Merman Triplett, Plaintiff,**

v.

**The UNITED STATES of America, and Does I through XX, Defendants.**

**No. Civil LV 79–289 RDF.**

United States District Court,
D. Nevada.

Oct. 8, 1980.

Beckley, Singleton, DeLanoy & Jemison, Las Vegas, Nev., for plaintiff.

U. S. Atty. B. Mahlon Brown by Brian L. Sullivan, Asst. U. S. Atty., D. Nev., Las Vegas, Nev., and Charles E. Mandolia, Trial Atty., Torts Branch, Civ. Div., U. S. Dept. of Justice, Washington, D.C., for defendants.

## ORDER OF DISMISSAL

ROGER D. FOLEY, District Judge.

The defendant United States of America moves to dismiss this action for lack of subject matter jurisdiction on the ground that the plaintiffs failed to meet the statutory prerequisites to suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, in that the administrative claim filed on behalf of the plaintiffs by their attorney did not include "evidence of his authority to present a claim on behalf of the claimant", as required by 28 CFR § 14.3(e).

By letter dated January 17, 1979, J. Mitchell Cobeaga, an attorney at law, purported to file an administrative claim with the United States Department of Energy for money damages for the death of one Oral Merman Triplett. The letter was written on letterhead of a Las Vegas law firm and recited that the firm represented the five claimants, being the wife and four children of the deceased, and noted that the claim was presented "on behalf of our clients." The Department of Energy took no action upon the letter. This action was filed on December 28, 1979.

The defendant now moves, on the authority of the Ninth Circuit opinion in *House v. Mine Safety Appliances Co.*, 573 F.2d 609, 617–18 (9th Cir. 1978), to dismiss on the ground that the claim filed by the attorney did not include evidence of the attorney's authority to act on behalf of the claimants. The plaintiff points out that in *House* the Ninth Circuit remanded to the district court for a determination of the issue as to the attorney's authority to act for the claimant. The plaintiff therefore has filed the affidavits of each of the claimants indicating Mr. Cobeaga's authority to act on their behalf. But, as the defendant correctly points out in its reply, the Ninth Circuit expressly limited this less than strict application of the requirements of the regulations to the case before it on the grounds that (1) the issue had not previously been addressed by the Court, and (2) the Government had not been prejudiced by the failure of the attorney to supply evidence of his authority to

act on behalf of the claimants. The Court went on to say:

"This departure from the literal language of the regulation does not indicate a willingness to treat the failure of the agent executing the administrative claim (1) to show his 'title or legal capacity' and (2) to accompany the claim with 'evidence of his authority' to present such claim as merely technical defects. Such a failure, in the absence of unusual and extenuating circumstances such as exist in this case, deprives the court of jurisdiction to hear the suit. We expressly disapprove of *Hunter v. United States*, 417 F.Supp. 272 (N.D.Cal.1976) to the extent that it can be interpreted as holding to the contrary."

573 F.2d at 618. This Court notes that while the Government has not shown any prejudice in this case (indeed, the Court cannot conceive of any situation in which the Government might truly claim to be prejudiced by such a failure to provide the evidence of representative capacity), neither has the plaintiff shown any unusual or extenuating circumstances to justify the departure from a literal reading of the regulations.

Therefore, this Court is compelled by the opinion of the Ninth Circuit in *House* to grant the defendant's motion to dismiss for lack of subject matter jurisdiction.