**Virginia Rodriguez DEL VALLE, Abraham D. Levy, Bronx Public Administrator as Administrator of the Estates of Elizabeth Noemi Sanchez and Hamilton Sanchez Padillo on behalf of Elizabeth Noemi Sanchez and Hamilton Sanchez Padillo, Plaintiffs,**

v.

**VETERANS ADMINISTRATION, KINGSBRIDGE, Veterans Administration Hospital, Agency of the United States Government, Defendant.**

No. 82 Civ. 7973 (RLC).

United States District Court, S.D. New York.

July 11, 1983.

Carlos Perez Olivo, New York City, for plaintiffs.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for defendant; Denny Chin, Asst. U.S. Atty., New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Jose Antonio Sanchez Rodriguez was a patient in the Kingsbridge Veterans Hospital in the Bronx on June 1, 1980, when he was wounded by a gunshot. He died as a result of the injury.

On May 28, 1982, plaintiffs' attorney, Carlos Perez Olivo, filed an administrative "claim for damage [sic] injury, or death" with the Veterans Administration ("VA") on behalf of three of the decedent's alleged heirs. Defendant's Exh. A. The claimants, who were listed as Elizabeth Noemi Sanchez, Hamilton Sanchez Padillo, and Virginia Rodriguez, sought damages of one million dollars for personal injury and one million dollars for wrongful death. Neither in the claim form nor in the letter accompanying it was the relationship of the named claimants to the deceased described, nor was there any indication that Olivo was authorized to act as legal representative, executor, or administrator of decedent's estate.

On June 10, 1982, Olivo submitted a second claim application, which was changed in only one way from the first—on the line provided for listing witnesses, the words "unknown at this time" were typed. Defendant's Exh. B.

On June 11, 1982, the VA sent Olivo a letter stating that the claim form had not been completed in compliance with applicable federal and state law. Defendant's Exh. C. In order to put plaintiffs' attorney on notice with regard to how the form was defective, the VA's letter explained the specific state and federal laws with which plaintiffs had to comply.

On December 4, 1982, this action was brought against the United States, sued herein as the Veterans Administration, Kingsbridge and the Veterans Administration Hospital. It was brought not on behalf of the decedent's estate, but instead on behalf of the decedent's mother and the administrator of the estates of the decedent's two children. The action, which seeks two million dollars for loss of "services, comfort, support, society, love, affection and inheritance," Complaint ¶¶ 8–9, is brought under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. Asserting that plaintiffs never submitted a proper claim for administrative review and thus have not satisfied the FTCA's prerequisites, defendant now moves to dismiss or, alternatively, for summary judgment for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The government's motion will be treated as one for summary judgment because the record contains supplementary papers that go beyond the pleadings.

## DETERMINATION

■ Under the doctrine of sovereign immunity, the United States may not be sued without its consent, *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); however, where the federal government consents to be sued, the statutes allowing such suits to be brought must be strictly followed. *United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979); *Brown v. General Services Administration,* 507 F.2d 1300, 1307 (2d Cir.1974), *aff'd,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Under the FTCA, a tort claim may not be brought against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ." 28 U.S.C. § 2675(a).

In its June 11, 1982 letter to plaintiffs' counsel, the VA explained who the proper parties are for filing an administrative claim for wrongful death under the FTCA. The federal regulations state:

> A claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law.

28 C.F.R. § 14.3(c) (1982); *accord* 38 C.F.R. § 14.603(a)(3) (1982). The regulations also state that an administrative claim must be:

> presented in the name of the claimant, be signed by the agent or legal representative, show the title or legal capacity of the person signing and be accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.3(e).

Under New York law, only a "personal representative" of the decedent may bring a wrongful death action, i.e., an action for damages sustained by persons who have suffered monetary loss as the result of someone's death, or a survival action, i.e., an action for personal injury suffered by the decedent before dying. N.Y.Est. Powers & Trusts §§ 5–4.1, 11–3.2(b) (McKinney 1981 & Supp.1982–83). New York law defines a "personal representative" as "a person who has received letters to administer the estate of a decedent," N.Y.Est. Powers & Trusts § 1–2.13 (McKinney 1981), and under New York law neither a wrongful death nor a survival action accrues until a personal representative has been appointed by the proper court. *Carrick v. Central General Hospital,* 51 N.Y.2d 242, 249 n. 2, 434 N.Y.S.2d 130, 134 n. 2, 414 N.E.2d 632, 636 n. 2 (1980).

■ The claim forms that Olivo submitted furnish no evidence that the claimants were entitled to assert a claim based on the death of the decedent. In addition, Olivo failed to provide any evidence that he was authorized to present a claim on behalf of the named claimants or the decedent's estate. The documents that Olivo submitted—a claim form that he signed, another that was unsigned, and a letter signed only by him stating that he represented the claimants—provided a wholly insufficient basis for the VA to move forward in processing the claim forms. It would certainly have been improper for the VA to begin handling the claim, not knowing who the claimants were, what their relationship to the decedent was, and whether they had any right to bring a claim. The VA promptly notified plaintiffs' lawyer of the multiple defects in the claim forms, but for some inexplicable reason plaintiffs' lawyer failed to correct them.

In light of plaintiffs' failure to comply with the specific requirements of 28 C.F.R. § 14.3, their complaint must be dismissed for lack of subject matter jurisdiction. *Triplett v. United States,* 501 F.Supp. 118 (D.Nev.1980); *Pringle v. United States,* 419 F.Supp. 289, 291 (D.S.C.1976).

Plaintiffs' claim forms are also defective on the ground that they failed to allege or demonstrate that any of the plaintiffs or their counsel had been designated "personal representative" of the decedent, pursuant to N.Y.Est. Powers & Trusts § 1–2.13 (McKinney 1981). Again, the VA painstakingly pointed out how this problem could be rectified, but plaintiffs' counsel again ignored the VA's advice. Thus, inasmuch as

a personal representative must be appointed before a wrongful death or survival action may be brought and inasmuch as plaintiffs have failed to allege or show that any of them obtained a letter designating one of them as administrator of the decedent's estate, this action must be dismissed. *Bialowas v. United States,* 443 F.2d 1047, 1050 (3d Cir.1971).

Plaintiffs' reliance on *Seide v. Prevost,* 536 F.Supp. 1121, 1132 (S.D.N.Y.1982) (Sweet, J.), and *Child v. Beame,* 412 F.Supp. 593, 599 (S.D.N.Y.1976) (Weinfeld, J.) is misplaced. *Seide* and *Child* were children's rights cases in which the court held that certain parties had standing to represent children as their "next friend." Neither *Seide* nor *Child* was a wrongful death or a survivor action, and in neither case, unlike in the instant case, were there specific laws and regulations spelling out what the children's representatives had to do to bring an action. Here, 28 C.F.R. § 14.3(e) and N.Y. Est. Powers & Trusts § 1–2.13 (McKinney 1981) spell out what procedural prerequisites must be fulfilled, prerequisites that the purported representative of the decedent's children easily could have satisfied, but did not satisfy.

For the foregoing reasons, defendant's motion for summary judgment is granted, and the case is dismissed.

IT IS SO ORDERED.