**Lillian KNAPP, Personal Representative of the Estate of Julius J. Knapp, Deceased, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 87–1143.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 26, 1988.

Decided April 19, 1988.

Rehearing and Rehearing En Banc Denied July 14, 1988.

Alvin L. Levine (argued), Levine, Benjamin, Tushman, Bratt, Jerris & Stein, P.C. Bloomfield Hills, Mich., for plaintiff-appellant.

Pamela Thompson (argued), Asst. U.S. Atty., Detroit, Mich., for defendant-appellee.

Before LIVELY, Chief Judge, and JONES and BOGGS, Circuit Judges.

LIVELY, Chief Judge.

This is a Federal Tort Claims Act (FTCA) case in which the district court concluded that it lacked jurisdiction because the plaintiff had failed to file a proper administrative claim with the Veterans Administration (VA) before the statute of limitations had expired. The effect of its holding was to treat non-statutory requirements found in Department of Justice regulations as establishing jurisdictional prerequisites for a federal court action. Since the regulations that pertain to filing administrative claims are not jurisdictional, we reverse.

## I.

### A.

Julius J. Knapp died on May 14, 1982, while a patient in the VA hospital at Ann Arbor, Michigan. His widow, Lillian Knapp, alleging negligence by VA medical personnel, filed this timely wrongful death action when the VA failed to respond within six months to her request for reconsideration of an earlier denial of her administrative claim. The defendant filed a motion for summary judgment, asserting that the action was barred by the plaintiff's failure to file "a proper and timely administrative claim" within two years of Mr. Knapp's death as required by 28 U.S.C. § 2401(b)(1982). The magistrate to whom the matter was referred by the district court concluded that the plaintiff had failed to comply with a jurisdictional requirement and recommended that the action be dismissed. The district court adopted this recommendation and entered an order of dismissal.

### B.

On May 10, 1984, the Veterans Administration received an administrative claim form SF–95, signed by Alvin L. Levine, attorney for Lillian V. Knapp. In the space provided on the form for the name of the claimant, appears:

Julius Knapp, Deceased

Lillian V. Knapp, Surviving Spouse

The amount of the claim is specified as $3.5 million. Although a space is provided for a description of the injury that is the basis of the claim, counsel attached a more detailed description on a separate sheet. The VA returned this form to counsel the following day accompanied by a letter which stated that the claim had not been submitted by a legal representative of the estate as required by 28 C.F.R. § 14.3.

Counsel for Mrs. Knapp redelivered the form to the agency on May 14, 1984, accompanied by a letter which stated, "[w]e are in the process of opening the probate estate and upon issuance of the letters of authority, I will forward same to you. Lillian V. Knapp, the surviving spouse of the deceased, will be named Personal Representative for Mr. Knapp's estate." The VA responded by letter dated May 15, 1984, stating that it still had not received any evidence of the identity or authority of a proper party to file the claim.

The VA received the form again May 30, 1984, and this time the words "temporary personal representative of the estate of Julius Knapp, deceased" had been typed after the claimant's name. The accompanying letter advised of Mrs. Knapp's temporary appointment as fiduciary on May 25, 1984, and noted the letters of authority would follow. The attorney sent the letters of appointment on June 8, 1984, and the VA formally denied the claim by a letter dated December 5, 1984.

## II.

The FTCA provides that a claimant must first present a claim to the appropriate federal agency and that the agency must finally deny the claim before an action may be brought against the United States. This requirement is contained in 28 U.S.C. § 2675(a)(1982) which provides in pertinent part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the

negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

As previously noted, 28 U.S.C. § 2401(b) requires the written presentation of a claim to the appropriate federal agency within two years after the claim accrues. A claim for wrongful death accrues at the time of death. *Kington v. United States*, 396 F.2d 9 (6th Cir.), *cert. denied*, 393 U.S. 960, 89 S.Ct. 396, 21 L.Ed.2d 373 (1968).

Mrs. Knapp's counsel did present her claim, on a form furnished by the VA, within two years after Mr. Knapp's death. The basis of the VA's denial was a regulation of the Department of Justice codified as 28 C.F.R. § 14.3, specifically § 14.3(c) and (e):

§ 14.3 Administrative claim; who may file.

\*      \*      \*      \*      \*      \*

(c) A claim based on death may be presented by the executor or administrator of the decendent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law.

\*      \*      \*      \*      \*      \*

(e) A claim presented by an agent or legal representative shall be presented in the name of the claimant, be signed by the agent or legal representative, show the title or legal capacity of the person signing, and be accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

This regulation was promulgated pursuant to 28 U.S.C. § 2672 (1982), which, as applicable here, provides:

The head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine,

compromise, and settle any claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred: *Provided*, That any award, compromise, or settlement in excess of $25,000 shall be effected only with the prior written approval of the Attorney General or his designee.

In Michigan only the duly appointed representative of a decedent's estate may bring a wrongful death action. The magistrate and the district court concluded that since Mrs. Knapp had not been appointed personal representative of her husband's estate within two years of his death, there was no "proper and timely" filing of an administrative claim.

### III

#### A.

Prior to the adoption of amendments to the FTCA in 1966, claimants could file suit against the United States in the first instance and the United States Attorney would refer the complaint to the proper agency. In order to relieve the court dockets of cases that might be settled if considered administratively, the 1966 amendments established the requirement that claims be presented first to the agency for possible settlement, with suit following final administrative denial. As Judge Peck pointed out in *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir.1981), "[t]hese amendments, however, do not make agencies the ultimate or preferred arbiters of federal tort claims, rather only the initial ones."

In *Douglas* this court determined that the statute, not the regulations, established the jurisdictional requirements for an FTCA action. The FTCA does not require an actual "exhaustion of administrative remedies"; 28 U.S.C. § 2675(a) merely re-

quires that the claim be presented administratively and finally denied, and 28 U.S.C. § 2401(b) requires that the presentation be made within two years. We adopted the Fifth Circuit's conclusion and rationale that the requirements of 28 U.S.C. § 2675(a) are met "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." 658 F.2d at 447. (quoting *Adams v. United States*, 615 F.2d 284, 289 (5th Cir.1980)). In agreement with the Fifth Circuit, this court determined in *Douglas* that the regulations contained in 28 C.F.R. §§ 14.1—14.-11 "govern administrative settlement proceedings; they do not set federal jurisdictional prerequisites." 658 F.2d at 447-48. A claimant who fulfills the requirements of § 2675(a) but does not comply with the regulations merely loses "the opportunity to settle ... outside the courts"; her right to bring an action in district court is not affected. *Id.* at 448 (quoting *Adams* at 290).

Both *Douglas* and *Adams* involved claimants who failed to furnish requested documentary information related to the circumstances of the death or injury underlying the claim. Where the claimed deficiency consists of the failure to supply such information, the courts of appeals appear always to follow *Adams*. *E.g., Charlton v. United States*, 743 F.2d 557 (7th Cir.1984); *Tucker v. United States Postal Service*, 676 F.2d 954 (3d Cir.1982); see also, *GAF Corp. v. United States*, 818 F.2d 901, 917–23 (D.C.Cir.1987) (failure to provide government with sufficient information to evaluate claim and choose between settlement and litigation not a jurisdictional defect.).

The question posed by this case is whether a different rule should apply when the unsatisfied regulation involves the authority of the person filing a claim based on death. We think not. When this action was filed in district court Mrs. Knapp was the duly qualified personal representative of her husband's estate, the person permitted by Michigan law to bring a wrongful death action. Mich.Comp.Laws Ann. (MCLA) § 600.2922(2) (West 1986). Her failure to present the administrative claim

to the VA prior to expiration of two years merely deprived her of the opportunity for an out-of-court settlement. It did not affect the jurisdiction of the district court.

The same conclusion follows when the regulation in question is 28 C.F.R. 14.3(e) which deals with the presentation of claims by agents or legal representatives. In *Warren v. United States Department of Interior*, 724 F.2d 776 (9th Cir.1984), the attorney for the parents and brother of a woman whose death they claimed resulted from negligence of employees of the Bureau of Land Management contacted that agency. The agency forwarded a claim form to the attorney and advised him that in filing it he should comply fully with 28 C.F.R. § 14.3(e) which requires evidence of the authority of a legal representative to present a claim on behalf of a claimant. The attorney completed the forms and signed each, indicating his representative capacity; however, he did not submit any documentation concerning his authority. The government denied the claims and the parents and brother filed suit. The district court dismissed for lack of jurisdiction based on the attorney's failure to present evidence of his authority as required by § 14.3(e). In reversing, the court of appeals followed *Adams*, concluding from an examination of the applicable statutes and their legislative histories, that "Congress did not intend to treat regulations promulgated pursuant to section 2672 as jurisdictional prerequisites under section 2675(a)." *Warren*, 724 F.2d at 778 (footnote and citations omitted). The court pointed out that the requirements of § 2675(a) "function independently" of § 2672. Section 2675(a) requires only "minimal notice" consisting of the two elements identified in *Adams*—a sufficient description of the injury to enable the agency to conduct an investigation, and a statement of the value of the claim. *Id.* at 779.

The Ninth Circuit reached the same conclusion in *Avila v. Immigration and Naturalization Service*, 731 F.2d 616 (1984), where the father filed a claim for personal injury to his mentally incompetent adult son without qualifying as conservator.

The claim form identified the injury and the government's role, and demanded damages of $50,385; however, there was no showing of the father's authority to submit the claim. The court of appeals reversed the district court's determination that this failure to comply with 28 C.F.R. § 14.3(b) and (e) deprived the court of jurisdiction over the FTCA action.

### B.

The government places principal reliance on *Pringle v. United States*, 419 F.Supp. 289 (D.S.C.1976) and *Lunsford v. United States*, 570 F.2d 221 (8th Cir.1977). In our view *Pringle* was wrongly decided and confuses the requirements for presenting an administrative claim for settlement purposes with those for filing an FTCA action. The decision appears to be based on the fact that South Carolina law permits a wrongful death action to be filed only by the personal representative of the decedent's estate. As the opinion shows, however, the plaintiff in the FTCA action qualified as administrator on November 14, 1975, and filed suit on November 19, 1975. Like the district court in this case, the *Pringle* court conflated the requirements for filing an administrative claim with those for bringing an action in court. *Del Valle v. Veterans Administration*, 571 F.Supp. 676 (S.D.N.Y.1983), another decision cited by the government, suffers from the same infirmity. In both cases the district court held that only a person who is qualified to bring an action at the time he or she presents an administrative claim can file a proper claim under 28 U.S.C. § 2675(a). There is no support for this conclusion either in the statute or the legislative history.

*Lunsford* involved an attempt to bring a class action under the FTCA. While holding that neither the statute nor the regulations provide for filing administrative claims on behalf of a class of similarly situated individuals, the court emphasized that the named plaintiffs who satisfied the requirement of § 2675(a) could proceed individually with their causes of action. 570 F.2d at 224. Our disagreement with *Luns-ford* lies in its apparent incorporation of the requirements of the regulations into the statute, a treatment rejected by this court in *Douglas*.

### IV.

The claim filed by counsel for Mrs. Knapp on May 10, 1984, was timely under 28 U.S.C. § 2401(b) and satisfied the notice requirements of § 2675(a). It described the injury to Mr. Knapp in sufficient detail to enable the VA to make an independent investigation (the VA had all the pertinent medical records in its possession), and demanded a sum certain in damages. Furthermore, it identified Mrs. Knapp as the widow of the decedent, one entitled to damages for wrongful death under MCLA § 600.2922(3). Finally, the letter accompanying the refiled form on May 14 advised that the probate estate was being opened and that Mrs. Knapp would be named personal representative. While the VA could refuse to negotiate settlement with Mrs. Knapp because she had not qualified and received letters of authority when she presented the claim, this circumstance had no effect on her right to sue under the FTCA once she had qualified.

The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.