**John E. YOUNG, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 88–0966–C.**

United States District Court, D. Massachusetts.

Nov. 9, 1988.

Timothy P. O'Neill, Lauren A. White, Murphy, DeMarco & O'Neill, Boston, Mass., for plaintiff.

Asst. U.S. Atty. Marianne B. Bowler, for defendant.

## MEMORANDUM

CAFFREY, Senior District Judge.

This case is before the Court on the defendant's motion to dismiss for failure to comply with the jurisdictional prerequisites of the Federal Tort Claims Act, 28 U.S.C. § 2401(b). The relevant facts are as follows.

The plaintiff, John Young, aged 66, was admitted to the West Roxbury Veterans Administration Hospital ("the Hospital") on January 25, 1984 for an operation to replace his right knee. Mr. Young was discharged on February 13, 1984. Over the next six months Mr. Young experienced pain, swelling, and a decreased range of motion in his knee and received treatment at the Hospital for these conditions. The treatment included medication, physical therapy, and ice packs. On July 18, 1984, Mr. Young consulted with Dr. Spector who ordered tests and x-rays of the knee, apparently for the first time since the operation, and referred him to Dr. Turner, an orthopedic surgeon. Dr. Turner examined Mr. Young and ordered immediate hospitalization. On July 27, 1984, Dr. Turner operated to remove the knee joint prosthesis and implant antibiotic beads to treat the infection. Dr. Turner diagnosed Mr. Young's condition as septic right total knee arthoplasty. Following surgery, Mr. Young wore a long leg cast for over a year, required several further surgical procedures, and used a bone healing machine extensively. Mr. Young remains disabled.

Pursuant to the Federal Tort Claims Act ("FTCA"), Mr. Young filed an administrative claim against the Veterans Administration on June 16, 1986. The VA denied the claim on October 30, 1987 and this suit was filed on April 27, 1988, within the six-month period required by 28 U.S.C. § 2401(b). The Government then moved to dismiss on the basis of Section 2401(b)'s requirement that

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency *within two years after such claim accrues....*

28 U.S.C. § 2401(b) (emphasis added). The Government argues that Mr. Young's claim accrued on January 25, 1984, the date of the first surgery on his right knee. The two-year statute of limitations therefore would have expired on January 25, 1986, almost six months before Mr. Young filed his administrative claim with the Veterans Administration. Mr. Young argues that his claim accrued when he first discovered the alleged malpractice—that is, when Dr. Turner first ordered x-rays of the knee. Until that moment, Mr. Young argues, he had no reason to suspect that his continuing knee problems possibly were the result of medical malpractice.

The Government also argues that Mr. Young's administrative claim was flawed and did not conform to the technical requirements of 28 C.F.R. § 14.3(b), which provides that, under the Federal Tort Claims Act,

A claim for personal injury may be presented by the injured person, his duly authorized agent, or legal representative. *Id.* We consider each issue in turn.

## THE FTCA STATUTE OF LIMITATIONS

Statute of limitations problems frequently arise in medical malpractice cases. Under the traditional view, a tort claim accrued as soon as the injury occurred and it was not necessary that the injured person know of the tort for the statute of limitations to begin to run. *Restatement (Second) of Torts* § 899 comment e (1977). As the Restatement observes, there has been "extensive departure" from this early rule in the area of medical malpractice, for two sensible reasons. Often the consequences of medical malpractice manifest themselves long after the limitations period has run and injured plaintiff could be left without a remedy. Also, by its very nature, medical malpractice often is difficult to detect. The injured plaintiff must rely on his or her physician—sometimes the very doctor whose negligence caused the injury—for the information needed to bring a claim. *Id.* As a result, "when the plaintiff's 'blameless ignorance' resulted in his or her inability to be aware of the basis for the cause of action, the statute of limitations did not begin to run until the 'factual predicate for a malpractice claim' became apparent." *Nicolazzo v. United States,* 786 F.2d 454, 456 (1st Cir.1986) (emphasis in original) (quoting *United States v. Kubrick,* 444 U.S. 111, 121 n. 8, 100 S.Ct. 352, 359 n. 8 (1979)). Thus the statute of limitations begins to run not when the plaintiff first discovers that he or she has been "legally wronged," but rather when the plaintiff discovers or reasonably should have discovered the facts of the injury. *Id.* In *Nicolazzo,* the plaintiff's injury apparently occurred in 1969. Because it was not correctly diagnosed until 1980—and the "factual predicate" therefore did not become known to the plaintiff until that date—the court tolled the statute of limitations until the date of the correct diagnosis.

Here, as in *Nicolazzo,* the plaintiff sought treatment for his condition but did not discover the alleged malpractice in his knee replacement surgery until Dr. Turner's diagnosis in July 1984. Mr. Young apparently has never had similar surgery and the postoperative treatment he received did not alert him to the alleged malpractice until Dr. Spector x-rayed the joint. For all the plaintiff knew, the pain and swelling were a normal consequence of the January 1984 surgery. Only Dr. Turner, an orthopedic surgeon, apparently was able to observe that Mr. Young was not recovering normally.

In determining that the FTCA statute of limitations has not run on Mr. Young's malpractice claim, we note the First Circuit's cautionary words:

> In order to prevail on the merits of his claim, [the plaintiff] will of course have to prove that the only reason he received a correct diagnosis in 1980 was because he finally saw a competent doctor.... The issue, however, of whether [the plaintiff] can prove his case on the merits is entirely separate from the question of when [the plaintiff] should be charged with knowledge of his cause of action such as to trigger running of the statute of limitations. That point, we conclude, is only when [the plaintiff] received his correct diagnosis....

*Nicolazzo v. United States,* 786 F.2d at 456–57. Certainly if the First Circuit was willing to toll the statute for ten years in Mr. Nicolazzo's case, we find no impediment to tolling it for six months in this case when Mr. Young diligently sought treatment during that period and did not discover the alleged malpractice until Drs. Spector and Turner examined him.

## THE FTCA NOTICE REQUIREMENT

The Government also claims that the plaintiff's administrative notice was defective because it was neither signed by the plaintiff nor accompanied by a copy of Mr. Young's retainer agreement with the attorneys who filed the claim. Instead, in addition to the proper form, the attorneys filed a statement that they represented Mr. Young and a copy of Mr. Young's letter

asking them to represent him in this matter. The Government argues that this does not make the attorneys Mr. Young's "duly authorized representative[s]" and that Mr. Young should have filed proof that they held his power of attorney. 28 C.F.R. § 14.3. The regulation contains no such requirement. The concern in cases such as *Triplett v. United States*, 501 F.Supp. 118 (D.Nev.1980), where the administrative agency received just the attorney's assertion that he represented the claimants, is not present here. The Veterans Administration also received a copy of Mr. Young's correspondence with his counsel. Because neither Mr. Young nor the Government has filed copies of the disputed letter and claim with the Court, and it is impossible, therefore, for us to judge the factual sufficiency of the claim, we read the pleadings in the light most favorable to Mr. Young and find that his claim presented sufficient evidence of his attorney's authority to act on his behalf. *See* Annotation, *When is Claim Properly Presented to Federal Agency, Under 28 U.S.C. § 2675(a), for Purposes of Satisfying Prerequisite to Subsequent Suit Under Federal Tort Claims Act*, 73 A.L.R.Fed. 338, 364–65 (1985).

## CONCLUSION

On the basis of the evidence presented, we find that Mr. Young exercised reasonable diligence in discovering the alleged medical malpractice involved in his knee surgery. The claim is not time-barred. We also find that Mr. Young's attorneys complied with the filing requirements of 28 C.F.R. § 14.3 and offered sufficient evidence of their authority to act on the plaintiff's behalf. The Government's motion to dismiss should be denied.

Order accordingly.