through the emergency room and never being stabilized."

*Id.* at 692.

The Hospital's second contention that plaintiffs' complaint is faulty for failing to allege that the Hospital receives federal funds is rendered moot by the Court's granting plaintiffs' request for leave to amend the complaint by interlineation relative to this issue.

■ Federal supplemental jurisdiction permits the Court to exercise jurisdiction over the wrongful death claim. *See* 28 U.S.C. § 1367(a).[1] But this claim against the Hospital as a public entity is barred by the doctrine of sovereign immunity, as the Hospital has no liability insurance for this type of incident. Mo.Rev.Stat. § 537.600. *See State ex rel. Cass Medical Center v. Mason,* 796 S.W.2d 621, 623 (Mo.1990) (en banc) (holding that § 537.600 provides sovereign immunity to public entities to the extent they have no insurance coverage).

Defendant Hospital's motion to dismiss Count II, the wrongful death count, is granted.

Naomi DYKES, Administratrix of the Estate of Ian Isadore Knife, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 90–3032.

United States District Court, D. South Dakota, C.D.

July 10, 1992.

---

**1.** Dr. Curran has moved for dismissal of Count II contending that Count II must be dismissed for lack of jurisdiction if the Court dismisses Count I. Accordingly, the Court will deny Dr. Curran's motion to dismiss Count II.

Terry L. Pechota, Kenneth R. Dewell, Viken, Viken, Pechota, Leach & Dewell, Rapid City, S.D., for plaintiff.

Mikal Hanson, Asst. U.S. Atty., Office of U.S. Atty., Pierre, S.D., for defendant.

## MEMORANDUM ORDER

DONALD J. PORTER, Senior District Judge.

Defendant has filed a Motion to Dismiss for Failure to File an Administrative Tort Claim, requesting this Court to dismiss the above-entitled case for lack of subject matter jurisdiction. Defendant contends that Plaintiff, Naomi Dykes, Administratrix of the Estate of Ian Knife, has not filed an administrative claim as required by 28 U.S.C. § 2675. Plaintiff responds that although the person who originally filed the administrative tort claim was Naomi Dykes in her individual capacity, "there was substantial compliance with the administrative tort claim provisions" such that this Court has jurisdiction over the action.

## DISCUSSION

### I. Background

On March 27, 1988, Ian Knife hanged himself in the Hughes County Jail, and died three days later at St. Mary's Hospital in Pierre, South Dakota. Naomi Dykes, Ian Knife's mother, filed a Standard Form 95, Claim for Damage, Injury, or Death with the United States Marshal Service (USMS) on June 13, 1988. Dykes, the claimant, requested $100,000 for Knife's personal injuries and $750,000 for wrongful death.

On June 22, 1988, USMS sent a letter to Dykes' attorney, Terry Pechota, requesting him to submit "proof that your client [Naomi Dykes] is legally authorized to submit a claim on behalf of Ian Knife, *i.e.*, proof that your client is the administrator of Knife's estate." Letter to Terry Pechota, Esquire, June 22, 1988. When USMS received no response from Attorney Pechota, the agency sent a second letter on February 28, 1990, asking Pechota how he wished to proceed with Dykes' administrative claim. On March 9, 1990, Attorney Pechota sent the agency a letter and enclosed the South Dakota Circuit Court order filed September 15, 1989 appointing Naomi Dykes the Administratrix of the estate of Ian Knife. On March 27, 1990, USMS denied Naomi Dykes' claim on the grounds that there was no evidence that either the Hughes County Jail or the United States Marshal Service officials acted negligently with respect to Ian Knife while he was in their custody.

A tort claim against the United States must be "presented in writing to the appropriate Federal agency" within two years of the time the claim accrues. 28 U.S.C. § 2401(b). Naomi Dykes initially filed her claim well within the two year limit, and was appointed administratrix approximately a year and a half after her son died. The agency, USMS, denied her claim almost two years to the day after Ian Knife hanged himself in the Hughes County Jail. There is no indication, however, that Dykes formally refiled her claim to substitute Naomi Dykes the administratrix of Knife's estate for Naomi Dykes the individual as claimant. It is the capacities in which Dykes filed her claim and instigated this action that are currently at issue before the Court.

### II. Federal Jurisdiction

█ The regulations promulgated pursuant to the Federal Tort Claims Act (FTCA) provide that "[a] claim based on death may be presented by the executor or administrator of the decendent's [sic] estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law." 28 C.F.R. § 14.3(c). Defendant argues that although Dykes was later appointed administratrix, she did not originally file her claim with USMS in her capacity as administratrix. Rather, she filed it in her individual capacity. Therefore, Defendant contends, Plaintiff has failed to meet a jurisdictional requirement, embodied in 28 C.F.R. § 14.3(c), and thus the instant action must be dismissed.

█ The filing of an administrative claim prior to bringing an action in federal

court is a jurisdictional requirement, *Lunsford v. United States,* 570 F.2d 221 (8th Cir.1977), and a plaintiff may not bring an action in federal court without first having presented the claim to the appropriate agency. 28 U.S.C. § 2675(a). This statutory jurisdictional requirement, that "the claimant shall have first presented the claim to the appropriate Federal agency," 28 U.S.C. § 2675, is essentially one of notice and is satisfied when a claimant "provides in writing (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought." *Farmers State Sav. Bank v. Farmers Home Admin.,* 866 F.2d 276, 277 (8th Cir. 1989).[1]

■ The United States government, by means of the Federal Tort Claims Act, has waived the sovereign immunity it would otherwise enjoy. As a result, the jurisdictional requirement of administrative exhaustion as established by § 2675 of the statute may not be waived. *Lunsford v. United States,* 570 F.2d 221, 224 (8th Cir. 1977). Courts have disagreed, however, whether the regulations promulgated pursuant to the Federal Tort Claims Act provide additional jurisdictional requirements or simply detail the procedures by which an agency may settle a claim prior to litigation. In *Adams v. United States,* 615 F.2d 284 (5th Cir.1980), the Fifth Circuit established that the notice requirements of § 2675 are not to be read in light of the regulations contained in 28 C.F.R. §§ 14.1–14.11. The *Adams* court found that to confuse "the distinct functions of presenting notice and of engaging in settlement" is to frustrate Congressional intent in enacting § 2675. *Id.* at 288. Both efficiency and equity motivated Congress to enact the notice requirement:

> Congress sought 'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.' S.Rep. No. 1327, 89th Cong., 2d Sess. 6, *reprinted in* [1966] U.S.Code Cong. & Admin.News., pp. 2515, 2516. This efficiency purpose, however, accompanies a second purpose of providing for more fair and equitable treatment of private individuals and claimants when they deal with the Government or are involved in litigation with their Government.' S.Rep. at 5, *reprinted in* [1966] U.S.Code Cong. & Admin.News at pp. 2515–16.

*Id.* As a result, the court concluded that federal court jurisdiction cannot depend upon "whether a claimant has successfully navigated his or her way through the gauntlet of the administrative settlement process." *Id.* at 292.

The regulations at issue, furthermore, were promulgated pursuant to 28 U.S.C. § 2672, the section granting the Federal agencies the authority to settle claims brought against them. According to the *Adams* court, these regulations were not intended to be jurisdictional in nature, but rather were to describe the procedures that must be followed before settlement can occur. *Adams,* 615 F.2d 284. Under this approach, whether Dykes complied with settlement prerequisites would not affect this Court's jurisdiction over the action brought in federal court. *See also Marricone v. United States,* 697 F.Supp. 874, 876

---

1. Several Circuits have adopted this general standard. *See Adams v. United States,* 615 F.2d 284, 289 (5th Cir.1980) (notice requirement satisfied if "the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim") (citing S.Rep. [No. 1327, 89th Cong., 2d Sess.] at 7, *reprinted in* [1966] U.S.Code Cong. & Admin.News at pp. 2515, 2517); *Avila v. I.N.S.,* 731 F.2d 616, 619 (9th Cir.1984) ("a jurisdictional claim is presented when the minimal requirements of (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation and (2) a sum certain damages claim are met") (citations omitted); *Marricone v. United States,* 697 F.Supp. 874, 876 (E.D.Pa.1988) ("Because the purpose of § 2675 is to inform the relevant agency of the circumstances of the accident so that it may investigate the claim and fairly respond by settlement or by defense, the notice requirement is met 'if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim'") (citing *Tucker v. United States Postal Service,* 676 F.2d 954, 959 (3rd Cir.1982)); *Knapp v. United States,* 844 F.2d 376 (6th Cir. 1988) (adopting the 5th Circuit's approach in *Adams* regarding requirements of § 2675(a)).

(E.D.Pa.1988) (Although § 2675 exacts a notice requirement, "[a]ny additional requirements imposed by administrative regulations are not a bar to jurisdiction by the federal courts"); *Knapp v. United States,* 844 F.2d 376, 379 (6th Cir.1988) ("the regulations contained in 28 C.F.R. §§ 14.1–14.11 'govern administrative settlement proceedings; they do not set federal jurisdictional requirements'") (citing *Douglas v. United States,* 658 F.2d 445, 447–48 (6th Cir.1981).[2]

An Eighth Circuit case that discusses the jurisdictional requirements of the Federal Tort Claims Act is *Lunsford v. United States,* 570 F.2d 221 (8th Cir.1977). In *Lunsford* the named plaintiffs in a class action brought pursuant to the Federal Tort Claims Act failed to allege they were the authorized agents for the unnamed members of the class. The court concluded that, as a result, the administrative claims filed inadequately presented the claims of the unnamed class members, as many of the potential claimants remained unidentifiable. In addition, the named claimants had failed to state a sum certain amount for damages.

Although the Sixth Circuit Court of Appeals has disagreed with *Lunsford* for "its apparent incorporation of the requirements of the regulations into the statute," *Knapp v. United States,* 844 F.2d 376, 380 (6th Cir.1988), this Court does not find the *Knapp* court's depiction of the *Lunsford* rationale entirely justified.[3] The *Lunsford* court does, in a footnote, find that "[t]he regulations have been upheld as validly implementing the FTCA." *Lunsford,* 570 F.2d at 225 n. 6. That the regulations validly implement the FTCA, however, does

not necessarily mean that the regulations are jurisdictional in nature. As stated, the Eighth Circuit has since determined that the notice requirement of § 2675 is met if a claimant "provides in writing (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought." *Farmers State Sav. Bank v. Farmers Home Admin.,* 866 F.2d 276, 277 (8th Cir.1989) (citations omitted). Further defining the requirement, the court held "that two prerequisites for administrative investigation are the identity of the claimants, and the nature of the claims." *Id.* By recognizing only these minimal requirements, a court would presumably be acting in accordance with the FTCA's goal of expediting the equitable disposition of tort claims brought against the United States.

The facts in the *Lunsford* case are also sufficiently distinct that a direct comparison to the case currently before the Court is not necessarily warranted. In a class action such as *Lunsford,* identity of the claimants may not be readily apparent. As a result, without evidence that the named plaintiffs had authority to act in behalf of any given unnamed individuals, the agency would not know who comprised the claimant class. In the instant case, the relationship of Naomi Dykes to Ian Knife was made evident in the administrative claim, as the damages alleged included the statement that "[h]is mother is deprived of his earnings, comfort, companionship, and the like." Whether Dykes, or some other person, was in fact authorized to act in behalf of the estate presumably would not affect the focus of the investigation: Ian Knife. and the events surrounding his death. Fi-

2. With respect to the issue currently before this Court, a neighboring district court has found that "requiring that the estate's personal representative file the administrative claim affects, at most, the claimant's opportunity to settle outside of court." *Zywicki v. United States,* 1991 WL 128588 (D.Kan. June 20, 1991). In *Zywicki,* the district court determined it had jurisdiction even though the plaintiff had failed to comply with 28 C.F.R. § 14.3(c) requirements, as she was appointed special administrator neither at the time of filing her administrative claim nor within the two year statute of limitations. *See also Knapp v. United States,* 844 F.2d 376, 379

(6th Cir.1988) ("A claimant who fulfills the requirements of § 2675(a) but does not comply with the regulations merely loses 'the opportunity to settle ... outside the courts'; her right to bring an action in district court is not affected") (citations omitted).

3. The Eighth Circuit has cited *Lunsford* for "the proposition that a claimant satisfies the notice requirement of section 2675 if he provides in writing (1) sufficient information for the agency to investigate the claims and (2) the amount of damages sought." *Farmers State Sav. Bank v. Farmers Home Admin.,* 866 F.2d 276, 277 (8th Cir.1989) (citations omitted).

nally, Dykes notified the agency of her appointment as administratrix within the two year statute of limitations. The claimants in *Lunsford,* on the other hand, failed to allege "in either the administrative claims or the complaint that they [were] the authorized agents of the unnamed members of the class." *Lunsford,* 570 F.2d at 226.

Under the approach, adopted by several Courts of Appeals, that for the purposes of determining federal court jurisdiction the FTCA imposes a minimal, yet mandatory, notice requirement, Plaintiff has satisfied the jurisdictional requirements of 28 U.S.C. § 2675(a). *See Zywicki v. United States,* 1991 WL 128588 (D.Kan.1991) (Third, Fifth, Sixth, Seventh, Ninth, and District of Columbia Circuits "have reasoned that the only jurisdictional requirements of the FTCA administrative process are that the claimant give the agency adequate written notice of the claim and the underlying facts and that the claimant place a value on the claim.") Plaintiff gave the agency adequate notice of the nature of the claim such that the agency could proceed with investigation; and she provided a sum certain amount requested as relief. *See id.* Plaintiff simply would not have been able to reach final settlement with the agency until she supplied evidence of her authority to act in behalf of the estate. The Eighth Circuit's position as articulated in the contexts of the *Lunsford* and *Farmer's State Sav. Bank* decisions is not inconsistent with this general approach.

Even if current Eighth Circuit law were to be interpreted to include the regulations as jurisdictional in nature, and thus a prerequisite to filing suit in federal court, the Court finds that Plaintiff substantially complied with both the statutory and regulatory requirements. The technicality, which Defendant contends should be fatal to the instant action, is Plaintiff's failure to amend the administrative claim to add the words "administratrix of the estate of Ian Knife" after claimant's name. The Court recognizes the regulations declare that a claim "shall be deemed to have been presented" when the agency receives written notification of the incident accompanied by evidence of the authority to present the claim. 28 C.F.R. § 14.2. Nevertheless, the Court finds that when Attorney Pechota informed USMS of Dykes' appointment as administratrix, although not simultaneous with the initial filing, the Standard Form 95 was sufficiently "accompanied by" the necessary evidence. *See id.*

Naomi Dykes filed a timely initial administrative claim, was appointed administratrix of her son's estate within the two year statute of limitations, and notified the agency of her appointment within the two year limit. The agency, also within the two year time frame, then addressed the merits of her claim, and denied recovery on the grounds that the Marshal Service officials did not act negligently. Given the circumstances of the instant case, Court finds that to dismiss the instant action for lack of subject matter jurisdiction would be to defeat the intent of Congress in making a more efficient, equitable system whereby individual claimants may seek recovery for alleged torts committed by United States officials. Accordingly, it is

ORDERED that Defendant's Motion to Dismiss for Failure to File an Administrative Tort Claim is denied.