Johnny PRINGLE, Jr., Administrator of
the Estate of Ronald J.
Pringle, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 75–2073.

United States District Court,
D. of South Carolina.

June 22, 1976.

Robert L. Hallman, Columbia, S. C., for plaintiff.

Glen E. Craig, Asst. U. S. Atty., Columbia, S. C., for defendant.

## ORDER

CHAPMAN, District Judge.

This matter is before the Court upon motion of the defendant to dismiss upon the ground that the Court lacks jurisdiction of the subject matter. Defendant contends that the actions have been instituted upon claims that are barred by 28 U.S.C. § 2401(b) which provides:

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

The plaintiff is proceeding under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. alleging that their minor son died as a result of the negligent care and treatment received at Shaw Air Force Base Hospital in Sumter, South Carolina. The complaint alleges that on or about November 14, 1972 the acts of negligence occurred while the minor child was at the hospital, that these acts resulted in his death on November 15, 1972. The complaint seeks damages under the two causes of action recognized by South Carolina for wrongful death, § 10–1951 et seq. South Carolina Code of Laws 1962 and in the Survival Statute § 10–209. The beneficiaries under both actions are the plaintiff and his wife, the parents of the deceased Ronald J. Pringle.

On November 7, 1974 the Standard Form 95, Claim for Damage or Injury, was filed with the Staff Judge Advocate at Shaw Air Force Base at Sumter, South Carolina. The claimant was listed as Johnny Pringle, Administrator of the Estate of Ronald J. Pringle. One claim was filed for the alleged wrongful death of the child and a similar claim was filed the same day under the Survival Statute. Each was signed by Johnny Pringle, Jr. but neither was accompanied by any evidence of authority to present the claim on behalf of the estate.

On November 13, 1974 Captain John R. Maus, Claims Officer for the United States Air Force wrote to Robert L. Hallman, Jr., Attorney for the Plaintiff, as follows:

"Reference our telephone conversation 12 November 1974. Request your claim be consolidated into one, typed on three copies of the attached Standard Form 95's and forwarded to this office."

As a result of this letter the consolidated claims were filed on Standard Form 95 and forwarded to the Air Force on December 2, 1974. This new form was dated November 7, 1974.

The evidence conclusively shows that Johnny Pringle, Jr. applied for letters of administration on the Estate of Ronald J. Pringle on November 12, 1974. The application for appointment was returnable before the Probate Judge of Sumter County, South Carolina on November 27, 1974, but for some reason, not explained, Johnny Pringle, Jr. did not qualify to become the administrator and was not appointed by the Probate Judge as such administrator until November 14, 1975.

On May 27, 1975 Robert L. Hallman, Jr., as attorney for the plaintiff was advised by Colonel William A. Martin of the United States, Air Force that the claim had been denied. The letter of denial stated in part:

"The basis of this denial is the failure of the evidence to demonstrate negligence on the part of the Air Force personnel responsible for the care and diagnosis of Ronald J. Pringle's condition. On the contrary, the evidence would indicate that the treatment received by your client's son at the Air Force Hospital was both proper and consistent with the symptoms he displayed. Additionally, it

is noted that your client has not qualified as administrator of his son's estate and that, absent such qualification, he is not a proper claimant in a wrongful death action."

On November 19, 1975, five days after Johnny Pringle, Jr. was appointed administrator of the Estate of Ronald J. Pringle, deceased, the present action was commenced in this court. This action was taken within six months of the date of mailing of the final denial of the claim.

■ The defendant correctly asserts that the provisions of the Federal Tort Claims Act must be strictly construed since the United States, as sovereign, is immune from suit except in those cases and under those procedures provided by law. "The terms of its consent to be sued in any court define the court's jurisdiction to entertain suit." *U. S. v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

In the present case John Pringle, Jr. was the duly appointed administrator of the Estate of Ronald J. Pringle, deceased, at the time the suit was brought in this court, but was not so qualified or appointed at the time of the filing of the first two claims on November 7, 1974 or the consolidated claim of December 2, 1974.

The filing of administrative claims under the Federal Tort Claims Act is covered by 28 C.F.R. 14.3(b)(c) and (e) which provide:

"14.3 Administrative Claim; Who May File.

(b) A claim for personal injury may be presented by the injured person, his duly authorized agent, or legal representative.

(c) A claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such claim in accordance with applicable state law.

(e) A claim presented by an agent or legal representative shall be presented in the name of the claimant, be signed by the agent or legal representative, show the title or legal capacity of the person signing, and be accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative."

■ This requirement is included in the instructions on the reverse side of Standard Form 95. It is well established that the time for filing a claim or an action for wrongful death would commence to run at the date of death, since the cause of action accrues at that time. *Kington v. United States,* 396 F.2d 9 (6th Cir. 1968). Therefore, a proper claim under the Federal Tort Claims Act should have been filed by November 15, 1974 by a legally qualified and appointed legal representative (administrator or executor) of the decedent's estate. The promulgation of rules and regulations in C.F.R. has the full force and effect of law. *Muldez v. United States,* 326 F.Supp. 692 (D.C.Va.1971). The fact that the Standard Form 95 was not signed by a qualified administrator was called to the attention of the plaintiff in the letter of May 27, 1975 from the Air Force, which denied the claim. 28 C.F.R. 14.3(c) makes it clear that the claim based on death must be presented by the " . . . executor or administrator of the decedent's estate, or any other person legally entitled to assert such claim in accordance with the applicable State law." The plaintiff was not the executor or administrator at the time of the administrative claim and applicable state law indicates that an action for wrongful death is a nullity unless brought by the properly appointed personal representative of the estate. See *Glenn v. DuPont,* 254 S.C. 128, 174 S.E.2d 155 (1970), which case also indicates that there is no "relation back doctrine" which allows substitution of a properly qualified administratrix in place of the plaintiff after an action has been commenced by one who is not so qualified by the Probate Court.

■ The common law did not permit a tort claim to survive the death of the injured party nor did it recognize a claim for wrongful death. There is no federal survival or wrongful death statute applicable. Therefore, the remedies recognized by the State of South Carolina in §§ 10–209 and

10–1951 et seq. control who may file the claim and clearly restrict such actions to being brought by the duly authorized personal representative appointed by the appropriate Probate Court.

The plaintiff contends that the factual situation in this case requires a liberal reading and application of the law and that the plaintiff has complied with the spirit, if not the letter of the law. *Gunstream v. U. S.,* 307 F.Supp. 366, 369 (D.C. Calif.1969) stated:

> "Congress in enacting the Federal Tort Claims Act was impinging on the doctrine of sovereign immunity. The conditions put upon the exercise of the privilege created called for literal interpretation of the procedure for filing an administrative claim and the time limitations applicable thereto."

The jurisdictional requirements cannot be waived or changed by estoppel. *Childers v. United States,* 442 F.2d 1299 (5th Cir. 1971).

Unfortunate as it may be, the plaintiff has not complied with the requirements of the law creating the right to sue the United States of America and, therefore, this claim must be and the same is hereby dismissed.

AND IT IS SO ORDERED.