**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Bessie Parros, Plaintiffs,**

v.

**UNITED STATES of America et al., Defendants.**

**No. CV 77–1920–AAH.**

United States District Court,
C. D. California.

March 2, 1978.

Diane Bradford, Altadena, Cal., for plaintiffs.

Andrea Sheridan Ordin, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div., Eugene Kramer, Roger E. West, Asst. U. S. Attys., Los Angeles, Cal., for defendant United States of America.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

This matter came on for hearing on February 21, 1978, upon the Motion, by defendant United States of America, for Judgment on the Pleadings as against plaintiff Bessie Parros. Plaintiff Bessie Parros was represented by Diane Bradford, Esq., and defendant United States of America was represented by its counsel, Andrea Sheridan Ordin, United States Attorney, Frederick M. Brosio, Jr., Assistant United States Attorney, Chief, Civil Division, Eugene Kramer, Assistant United States Attorney, by

Roger E. West, Assistant United States Attorney. The Court, having reviewed the Memorandum of Points and Authorities in support of defendant's Motion, together with the Affidavit attached thereto, as well as the pleadings and all other documents on file herein, hereby deems defendant's Motion to be one for summary judgment, in accordance with Rule 12(c) of the Federal Rules of Civil Procedure, and, accordingly, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

### I

Plaintiff, Bessie Parros, brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, seeking compensation for alleged property damage arising out of an automobile accident allegedly occurring on March 20, 1976.

### II

The record before the Court demonstrates that, on May 17, 1976, one Standard Form 95, Administrative Claim Form, purportedly executed by plaintiff Bessie Parros was received by the United States Postal Service. Attached to the Memorandum of Points and Authorities in support of defendant's Motion, is the Affidavit of Postal Inspector Wayne E. Gray. It is clear, from Postal Inspector Gray's affidavit, that Mrs. Parros' claim was deficient in that she failed to provide medical reports of her attending physicians, as well as (with one exception) all relevant doctors' bills. Additionally, it is clear that Mrs. Parros' claim was deficient in that she failed to specify, at Item 10a of the claim form, the dollar amount of her alleged property damage. The record before the Court further discloses that Inspector Gray, by letter dated June 1, 1976, informed plaintiff Bessie Parros of the deficiencies in her claim form, but that, despite these deficiencies and notice thereof, Mrs. Parros has failed to date, to submit the required medical reports, and additional medical bills, and has never amended her claim to set forth a sum certain in connection with her alleged property damage.

### III

Any of the foregoing Findings of Fact deemed to be conclusions of law are hereby incorporated into the Conclusions of Law.

## CONCLUSIONS OF LAW

### I

It is well settled that the administrative tort claim, which, pursuant to 28 U.S.C. § 2675(a), is a condition precedent to the filing of an action under the Federal Tort Claims Act, must not only be filed in a timely manner, but must also be complete. See: *Caton v. United States*, 495 F.2d 635 (9th Cir., 1974); *Avril v. United States*, 461 F.2d 1090 (9th Cir., 1972); *Kornbluth v. Savannah*, 398 F.Supp. 1266 (E.D.N.Y., 1975); *Robinson v. United States Navy*, 342 F.Supp. 381 (E.D.Penn., 1972).

### II

General regulations governing the submission of administrative tort claims under the Federal Tort Claims Act are found at 28 C.F.R. § 14 *et seq.* Additionally, each governmental agency has propounded regulations setting forth requirements and procedures for the processing of tort claims pursuant to 28 U.S.C. § 2675(a). The regulations of the United States Postal Service relative to tort claims are set forth at 39 C.F.R. §§ 912.1 *et seq..* Title 39 C.F.R. § 912.7(b) specifically requires the claimant to submit to the United States Postal Service doctors' reports and itemized bills in support of his claim. A failure by a claimant to do so renders the claim a nullity, and any ensuing lawsuit subject to dismissal for lack of subject matter jurisdiction. *Kornbluth v. Savannah, supra; Robinson v. United States Navy, supra.*

### III

The Court concludes, on the record before it, that plaintiff Bessie Parros has failed to file a proper administrative tort claim. This Court therefore lacks subject matter

jurisdiction over this action, as it pertains to this plaintiff.

## IV

There is no genuine triable issue of material fact herein, and defendant United States of America is entitled to judgment dismissing the action as it relates to plaintiff Bessie Parros, as a matter of law.

## V

Any of the foregoing Conclusions of Law deemed to be findings of fact are hereby incorporated into the Findings of Fact.