Harold G. **HOAGLAN and Gene E. Hoaglan, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. C 80–142.

United States District Court, N. D. Iowa, Cedar Rapids Division.

April 6, 1981.

J. Richard Johnson, Cedar Rapids, Iowa, for plaintiffs.

Judith A. Whetstine, Asst. U.S. Atty., James Reynolds, U.S. Atty., Cedar Rapids, Iowa, for defendant.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on defendant's resisted motion to dismiss, to strike and for summary judgment, filed January 19, 1981. Ruling in accordance with order.

In this action, plaintiffs seek damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, for personal injuries and property damage allegedly sustained in an automobile collision with a vehicle driven by an employee of the Internal Revenue Service. Jurisdiction is founded on 28 U.S.C. § 1332.

Defendant now seeks either dismissal or summary judgment on the ground that the court lacks subject matter jurisdiction of this action because of plaintiffs' failure to exhaust their administrative remedies. Alternatively, defendant seeks to have stricken from the complaint the portions of the prayer for relief in both counts one and two that seek exemplary damages. These matters will be taken in turn.

The basis for defendant's jurisdictional attack is its contention that plaintiffs failed to timely file a proper administrative claim for relief. While acknowledging that plaintiffs each filed a Standard Form 95 prior to the expiration of the statutory limitation period, defendant asserts that plaintiffs' claims were defective because they were not accompanied by certain medical documentation. Plaintiffs, in rebuttal, contend that they did timely file proper administrative claims. Alternatively, plaintiffs assert that if the claims were defective, defendant

waived, or is estopped from asserting, such defect.[1] For purposes of expediency, the court assumes that plaintiffs indeed failed to provide the documentation identified by defendant.[2] The narrow issue before the court, therefore, is whether this failure defeats the court's jurisdiction in this action.

■ It is by now beyond dispute that the United States may not be sued without its specific consent, *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Miller v. United States*, 418 F.Supp. 373 (D.Minn.1976), and that the FTCA comprises such consent in tort actions. *Id.* Furthermore, Congress, in granting such a waiver of sovereign immunity, may define the exact conditions of such ·waiver, and that waiver of immunity must be strictly construed by the courts. *Id.; see Honda v. Clark*, 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967). Compliance with the FTCA, then, is a jurisdictional prerequisite to the maintenance of a tort action against the United States. *E. g. Melo v. United States*, 505 F.2d 1026 (8th Cir. 1974); *De-Groot v. United States*, 384 F.Supp. 1178 (N.D.Ia.1974).

■ Title 28 U.S.C. § 2675(a) establishes that a plaintiff, as a prerequisite to maintaining a suit against the United States under the FTCA, must first present notice of his or her claim to the appropriate federal agency. The Act does not expand on the question of how or when such a claim is presented, but various federal regulations, which were promulgated pursuant to 28 U.S.C. § 2672 and which have the full force and effect of law, *State Farm Mutual Automobile Ins. Co. v. United States*, 446 F.Supp. 191 (C.D.Cal.1978); *Muldez v. United States*, 326 F.Supp. 692 (E.D.Va.1971), do.

The pertinent federal regulations are found at 31 CFR § 3.2 and 28 CFR § 14.4.[3] Section 3.2 of Title 31 of the regulations provides as follows:

§ 3.2 Filing of claims.

(a) When presented. A claim shall be deemed to have been presented upon the receipt from a claimant, his duly authorized agent or legal representative of an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, or personal injury, or death alleged to have occurred by reason of the incident.

(b) Place of filing claim. Claims shall be submitted directly or through the local field headquarters to the head of the bureau or office of the Department out of whose activities the incident occurred, if known; or if not known, to the General Counsel, Treasury Department, Washington, D.C. 20220.

(c) Contents of claim. The evidence and information to be submitted with the claim shall conform to the requirements of 28 CFR 14.4.

Title 28 CFR § 14.4 provides in pertinent part as follows:

§ 14.4 Administrative claims; evidence and information to be submitted.

. . . .

(b) Personal injury. In support of a claim for personal injury, including pain and suffering, the claimant may be required to submit the following evidence or information:

(1) A written report by his attending physician or dentist setting forth the na-

---

**1.** Without deciding the question, it is noted that the case law seems to militate against a decision favoring plaintiffs on their waiver or estoppel arguments. *See* Annot. 13 ALR Fed. 786–87 (1972).

**2.** The file contains photo copies of correspondence between plaintiffs' counsel and a representative of the Internal Revenue Service who supervised the processing of their claim. It appears from an examination of these letters that plaintiffs indeed failed to timely provide the requested documentation, although this is denied in plaintiffs' responsive pleading and accompanying memorandum.

**3.** It should be noted that the authority for the promulgation by the Treasury Department of 31 CFR § 3 *et seq.* is found at 28 CFR § 14.11. Furthermore, 31 CFR § 3.1 provides that 28 CFR § 14.1 *et seq.* controls the disposition of all tort claims arising out of activity of IRS employees unless modified in Title 31 CFR.

ture and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity. In addition, the claimant may be required to submit to a physical or mental examination by a physician employed by the agency or another Federal agency. A copy of the report of the examining physician shall be made available to the claimant upon the claimant's written request provided that he has, upon request, furnished the report referred to in the first sentence of this paragraph and has made or agrees to make available to the agency any other physician's reports previously or thereafter made of the physical or mental condition which is the subject matter of his claim.

(2) Itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses.

(3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment.

. . . .

(6) Any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed.

The substance of defendant's argument is that these regulations require plaintiffs to submit the information listed in 28 CFR § 14.4 in order to present a claim as required in 28 U.S.C. § 2675(a). The court disagrees. Rather, the court is of the view that the jurisdictional requirement set out in 28 U.S.C. § 2675(a) is satisfied when a claimant has provided the appropriate agency with an "executed Standard Form 95 or

other written notification of an incident, accompanied by a claim for money damages in a sum certain for . . . personal injury . . . alleged to have occurred by reason of the incident." 31 CFR § 3.2(a); *see* 28 CFR § 14.2(a).[4] This view is supported by a decision of the Fifth Circuit Court of Appeals, *Adams v. United States*, 615 F.2d 284 (5th Cir. 1980), the only circuit court decision directly on point.[5]

*Adams* was a FTCA case in which the court was squarely faced with the question of whether a claimant must provide medical documentation as a prerequisite to maintaining an action under 28 U.S.C. § 2671 *et seq.*; the claimants there, as here, submitted their claims to the agency on a completed Standard Form 95. The court held, after thoroughly analyzing the same statutes and regulations involved here and the legislative history for the FTCA, that the exhaustion requirements of 28 U.S.C. § 2675(a) are satisfied when "the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." 615 F.2d at 289.

■ Accordingly, defendant's attack on the court's jurisdiction in this action is rejected and its motion to dismiss or for summary judgment will be denied. Plaintiffs, in providing the Internal Revenue Service with completed Standard Forms 95, satisfied the requirements of 28 U.S.C. § 2675(a) and 31 CFR § 3.2(a).

■ Defendant also moves for an order striking the portions of the prayer for relief in counts one and two of plaintiffs' complaint that seek exemplary damages. Defendant cites 28 U.S.C. § 2674, which provides that the United States shall not be

---

**4.** 28 CFR § 14.2(a) provides in part:

§ 14.2 Administrative claim; when presented.

(a) For purposes of the provisions of section 2672 of Title 28, United States Code, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of proper-

ty, personal injury, or death alleged to have occurred by reason of the incident.

**5.** Defendant cites only two decisions that are directly on point and contrary to the court's holding here. *State Farm Mutual Auto Ins. Co. v. United States*, 446 F.Supp. 191 (C.D.Cal. 1978) and *Kornbluth v. Savannah*, 398 F.Supp. 1266 (E.D.N.Y.1975). The court is not persuaded by either of these cases, both of which preceded *Adams*.

liable in a FTCA action for punitive damages. The court will grant this motion.

It is therefore

ORDERED

1. Defendant's motion to dismiss denied.

2. Defendant's motion for summary judgment denied.

3. Defendant's motion to strike granted.