George BYRNE, individually and as Administrator for the Estate of Thomas Byrne, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 92 Civ. 342 (PKL).

United States District Court, S.D. New York.

Oct. 26, 1992.

Martin R. Kramer, Brooklyn, N.Y., for plaintiffs.

Otto G. Obermaier, U.S. Atty. for the Southern District of New York, New York City (M. Chinta Gaston, of counsel), for defendant.

## OPINION AND ORDER

LEISURE, District Judge.

Defendant seeks an order pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure dismissing the complaint in this action for lack of subject matter jurisdiction or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, defendant's motion to dismiss the action is denied.

## BACKGROUND

The essential facts relevant to this motion are undisputed. This action arises under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. Plaintiff George Byrne alleges that personnel at the Veterans Administration Medical Center in Castle Point, New York, were negligent in their medical treatment of Thomas Byrne, who is now deceased. Plaintiff is the sole surviving heir of Thomas Byrne and sues individually and in his capacity as administrator of the estate of Thomas Byrne.

Thomas Byrne was a patient at the Veterans Administration Medical Center at Castle Point, New York, when he died of pneumonia on February 6, 1989. On September 13, 1990, plaintiff filed an administrative claim with the Veterans Administration, demanding recovery of 1.2 million dollars on the grounds that medical malpractice had caused the decedent's death. On the claim form, plaintiff described himself as "sole survivor and petitioner for letters of admin[istration]."

By letter dated September 18, 1990, the Veterans Administration advised plaintiff that his claim was defective because he lacked legal authority to make a claim on behalf of the decedent's estate. The letter advised plaintiff of the applicable two year statute of limitations and advised him that he should petition the New York State Surrogate's Court for letters of administration.

Plaintiff's attorney, Martin Kramer, responded to the Veterans Administration by letter dated September 27, 1990, explaining that plaintiff was in the process of filing a petition for letters of administration and that the defective claim form was "merely a precautionary effort" designed to "notify [the Veterans Administration] at the earliest possible time concerning the matter." He also indicated that a valid claim would be filed once plaintiff received letters of administration.

Plaintiff failed to file a claim form with proof of his designation as the decedent's personal representative prior to the lapse of the statute of limitations on February 6, 1991. On February 11, 1991, the Veterans Administration received a new claim form, dated December 25, 1990. This claim also failed to provide proof of plaintiff's status as representative of the decedent. The Veterans Administration informed plaintiff's lawyer that proof of plaintiff's capacity was a requirement for a validly presented claim. The Veterans Administration finally received plaintiff's letters of administration on March 25, 1991. Oddly, the Letters of Administration show that they were issued to plaintiff on November 15, 1990. Plaintiff commenced the instant action by

serving the United States with a summons and complaint on January 15, 1992.

## DISCUSSION

■ The FTCA effects a partial waiver of sovereign immunity by the United States with respect to the negligent acts of federal employees. 28 U.S.C. §§ 1346(b), 2671 *et seq.* Tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or be "forever barred." 28 U.S.C. § 2401(b). Similarly, the FTCA specifically requires that "[a]n action shall not be instituted upon a claim against the United States [under the FTCA ... unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675. If a plaintiff fails to comply with this procedure, the federal courts are without jurisdiction to entertain the case. *Wyler v. United States*, 725 F.2d 156, 159 (2d Cir. 1983); *Group Health, Inc. v. United States*, 662 F.Supp. 753, 763 (S.D.N.Y. 1987). Because the FTCA effects a waiver of sovereign immunity, its terms must be strictly construed. *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir.1983), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983). Moreover, the notice procedures cannot be waived by consent or operation of law. *Id.*, 700 F.2d at 841. Thus, the notice provisions of the FTCA are jurisdictional in nature and cannot be satisfied by nonconforming procedures, even if the federal agency is in possession of all the information that would otherwise be provided in the claims process.

The FTCA does not define what shall be considered sufficient notice under section 2675. Regulations promulgated by the Attorney General, pursuant to the authority granted in 28 U.S.C. § 2672, purport to specify those parties that may validly present an administrative claim for wrongful death under section 2675:

A claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable state law.

28 C.F.R. § 14.3(c). Furthermore, the Code provides

a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a). Thus, if these regulations are properly applied to the notice provision of section 2675, plaintiff's original notice of claim was clearly deficient because it failed to present evidence of plaintiff's authority to present the claim. Assuming that the regulations do apply, plaintiff argues that dismissal is unwarranted because New York law, which this Court must apply pursuant to 28 C.F.R. § 14.3(c), tolls the statute of limitations under the facts of this case, and that plaintiff's claim is thus validly presented to this Court.

1. Parties Entitled to Initiate Claims for Wrongful Death Under New York Law

New York law provides that wrongful death actions and survival actions may properly be brought only by the decedent's personal representative, defined as the "person who has received letters to administer the estate of a decedent." N.Y. Est., Powers & Trusts § 1–2.13 (McKinney 1981 & Supp.1992). Plaintiff concedes he was not the decedent's personal representative at the time the administrative claim was initially filed. He therefore relies on the tolling provisions of New York's Civil Practice Law and Rules to validate his otherwise defective filing. The Court has determined that plaintiff cannot avail himself of the procedure provided by CPLR 205 to cure the deficiency in his claim and that New York law provides no other basis for

580

excusing plaintiff's failure to comply with the requirements of the FTCA.

 First, the Court notes that, with the possible exception of CPLR 205, New York contains no provision for "relation back" in wrongful death or survival actions. *Goldberg v. Camp Mikan–Recro,* 42 N.Y.2d 1029, 1029–30, 398 N.Y.S.2d 1008, 1009, 369 N.E.2d 8 (1977). Such a provision would allow a plaintiff to cure a defective filing by amending the claim to reflect the subsequent grant of letters of administration, with the amendment relating back to the original date of the filing of the claim. In *Goldberg,* the Court of Appeals ruled that the relation back provisions of CPLR § 203(e)[1] cannot be employed by a plaintiff seeking to amend a defective complaint to reflect his subsequent appointment as administrator. Rather, CPLR § 203(e) applies only where there is a "valid[ly] pre-existing action to which [an] amendment can relate back;" the action in *Goldberg* was not a "validly pre-existing action" because plaintiff's failure to demonstrate in the initial filing that he was the decedent's personal representative was an incurable defect. *Carrick v. Central General Hosp.,* 51 N.Y.2d 242, 248–49, 434 N.Y.S.2d 130, 133, 414 N.E.2d 632, 635 (1980).

 Plaintiff contends that he can avail himself of CPLR § 205(a),[2] to cure the deficiency in the claim form filed on September 13, 1990. Section 205(a) provides a six month grace period following a dismissal of the complaint, during which a plaintiff may commence a new action. The grace period is available only if the prior action, although flawed, was timely commenced within the meaning of CPLR § 304. *Carrick,* 51 N.Y.2d at 249, 434 N.Y.S.2d at 134, 414 N.E.2d at 636. Although the *Carrick* court ruled that the plaintiff could properly maintain her action pursuant to CPLR

§ 205(a), it reaffirmed the principle that the plaintiff's status as the decedent's personal representative is a necessary element of the cause of action. 51 N.Y.2d at 250, 434 N.Y.S.2d at 134, 414 N.E.2d at 636. *Carrick* therefore did not change the applicable state law, which provides that a plaintiff lacking letters of administration is not a person authorized to bring a wrongful death action.

Plaintiff argues that "although the long standing New York rule requires the appointment of a representative, the absence of one does not prevent the valid commencement of an action in New York." Plaintiff, however, misreads *Carrick;* that case applies only where a plaintiff is attempting to revive a dismissed action pursuant to CPLR § 205(a) and does not change the rule that a claimant who files a claim or action without demonstrating his status as a decedent's personal representative has failed to validly commence his action. Thus, plaintiff cannot successfully contend that his defective claim form automatically and retroactively is cured by his subsequent receipt of letters of administration.

Plaintiff cannot avail himself of CPLR § 205(a). There is no timely filed action to which a section 205(a) filing can apply. Although plaintiff asks the Court to apply section 205(a) by analogy, it is inappropriate to extend the government's waiver of sovereign immunity in this manner. *See Keene,* 700 F.2d at 841. Moreover, the application of CPLR § 205(a) by New York courts demonstrates that this procedural device cannot correct the procedural defect in this case. For example, plaintiffs in cases dismissed for failure to establish personal jurisdiction over a defendant due to plaintiff's failure to effect proper service have attempted to employ CPLR § 305(a) to revive their actions. In such cases, the

---

**1.** CPLR § 203(e) provides: "a claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transaction or occurrences, to be proved pursuant to the amended pleading."

**2.** CPLR § 205(a) provides: "if an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff ... may commence a new action upon the same transaction or occurrences within six months after the termination."

Court of Appeals has held that CPLR § 205(a) is not available because the original action was never "commenced" for the purposes of section 205(a). *Markoff v. South Nassau Community Hosp.*, 61 N.Y.2d 283, 473 N.Y.S.2d 766, 461 N.E.2d 1253 (1984); *George v. Mt. Sinai Hosp.*, 47 N.Y.2d 170, 175, 417 N.Y.S.2d 231, 234, 390 N.E.2d 1156, 1158–59 (1979). While the *Carrick* court explicitly held that an action deficient due to lack of a personal representative was not a jurisdictional defect that would render CPLR § 205(a) unavailable to the plaintiff, this Court finds that a different rule must obtain in actions arising under the FTCA due to the waiver of sovereign immunity effected therein and the regulations issued by the Attorney General. Thus, the reference to state law in the Code of Federal Regulations does not provide plaintiff in this action a vehicle for curing his deficient notice.

2. Due Notice Under 28 U.S.C. § 2675

■ As discussed above, plaintiff's claims fail if the regulations embodied in 28 C.F.R. § 14 apply to the notice provision of section 2675 and thus define the jurisdictional prerequisites to suit under the FTCA. The Second Circuit's ruling in *Keene Corp. v. United States* sets out the controlling law concerning the effect of a deficient notice of claim. A close reading of that case is necessary to determine the precise scope of the court's ruling. The panel clearly stated that the requirement that a notice of claim be filed under 28 U.S.C. § 2675 is jurisdictional and cannot be waived. 700 F.2d at 841. In discussing whether the notice of claim in that case was valid, the Court noted considerable conflict among the circuits concerning whether the notice required by section 2675 must meet the specifications of 28 C.F.R. § 14. As discussed above, that section of the Code is issued under authority of 28 U.S.C. § 2672, which provides that the head of each federal agency shall adjust and settle claims in accordance with regulations promulgated by the Attorney General. The *Keene* Court ruled that a claimant who fails to state a sum certain in his statement of damages fails to satisfy the notice provi-

sion of section 2675; the district court is therefore deprived of jurisdiction to entertain the claim. 700 F.2d at 842. The Court, however, explicitly declined to rule on the issue presented to this Court in the present action: whether notice pursuant to 28 U.S.C. § 2675 must meet the requirements of 28 C.F.R. § 14. Noting the split of authority concerning whether all the regulations of 28 C.F.R. § 14 were jurisdictional prerequisites to a validly presented claim under 28 U.S.C. § 2675, the Court found general agreement that failure to state a sum certain in the claim for damages rendered the notice defective for all purposes. Thus, the *Keene* Court explicitly declined to rule on the issue presented in the case at bar.

■ Numerous Courts of Appeals that have decided the issue have determined that the regulations in 28 C.F.R. § 14 do not apply to the notice requirement. *See, e.g., Knapp v. United States*, 844 F.2d 376, 379 (6th Cir.1988); *GAF Corp. v. United States*, 818 F.2d 901 (D.C.Cir.1987); *Charlton v. United States*, 743 F.2d 557, 559–60 (7th Cir.1984); *Warren v. United States Dep't of Interior*, 724 F.2d 776 (9th Cir. 1984); *Tucker v. United States Postal Serv.*, 676 F.2d 954 (3d Cir.1982); *Adams v. United States*, 615 F.2d 284, 290 (5th Cir. 1980). Because the regulations were not promulgated under the jurisdictional notice provision of the FTCA—indeed, section 2675 makes no provision for the promulgation of regulations under its authority—courts have declined to find that strict compliance with the regulations is a jurisdictional requirement. *Knapp*, 844 F.2d at 379. Rather, there is general agreement that section 2675 merely requires that the claimant provide minimal notice that "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir.1981) (quoting *Adams*, 615 F.2d at 289).

■ The Court notes that 28 C.F.R. § 14.2 was amended in 1987 to specifically reference 28 U.S.C. § 2675, following a spate of decisions declining to apply the

regulations to section 2675. However, the amendment cannot overcome the holdings of numerous courts finding that the Attorney General simply lacks the statutory authority to promulgate jurisdictional regulations under section 2675. As the Ninth Circuit explained in *Warren v. United States:*

> We find the relevant statutes and their legislative histories reveal that Congress did not intend to treat regulations promulgated pursuant to section 2672 as jurisdictional prerequisites under section 2675(a).... The regulations in question [sections 14.2–14.3] were promulgated by the Attorney General pursuant to this authority [section 2672]. Nothing in this language suggests that these regulations are to be applied jurisdictionally under section 2675(a). If Congress intended to authorize the promulgation of jurisdictional regulations, it would have created that authority directly. Congress has never delegated such authority under section 2675(a).

724 F.2d at 778.[3] The amendment to section 14.2 is ineffective because it cannot overcome the Attorney General's lack of statutory authority to promulgate jurisdictional regulations under section 2675.

The government relies on *Pringle v. United States,* 419 F.Supp. 289 (D.S.C. 1976), and *Del Valle v. Veterans Administration,* 571 F.Supp. 676 (S.D.N.Y.1983), in arguing that this Court does not have jurisdiction over this case. The district court in *Pringle* determined that the requirements in 28 C.F.R. § 14 applied to the notice provision of section 2675. Similarly, the Court in *Del Valle,* relying in part on *Pringle,* held that failure to meet the requirements of 28 C.F.R. § 14.3 deprived the district court of jurisdiction under 28 U.S.C. § 2675(a). Having reviewed the statutes and regulations in question and the legal authority interpreting the FTCA, the Court must agree with the weight of authority and find that *Pringle* and *Del Valle* are without support. Thus, the Court declines to follow those decisions.

Plaintiff met the requirements of 28 U.S.C. § 2675(a) by filing the claim form prior to the expiration of the two year statute of limitations. Although plaintiff was not the personal representative of the decedent at that time, his submission provided the government with the minimal notice required under the FTCA so that it could adequately investigate the claim. Moreover, plaintiff was the decedent's duly appointed executor at the time this action was commenced. Thus, plaintiff has met the minimal requirements of 28 U.S.C. § 2675(a) and this Court has subject matter jurisdiction over this action. Defendant's motion to dismiss the action must therefore be denied.

### CONCLUSION

For the foregoing reasons, defendant's motion for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure hereby is denied.

SO ORDERED.

---

**3.** In amending section 14.2, the Attorney General purported to be exercising authority vested in him by 28 U.S.C. §§ 509, 510, and 2672, and 5 U.S.C. § 301. As discussed in the body of this opinion, section 2672 provides no authority for the application of these regulations to 28 U.S.C.

§ 2675. The Court has reviewed the grants of authority embodied in 28 U.S.C. §§ 509 and 510 and 5 U.S.C. § 301, and finds that they provide no further support for the amendment to 28 C.F.R. 14.2.