**Marie C. ROMULUS and Pierrot Romulus, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civil Action No. CV–96–0920 (DGT).**

United States District Court,
E.D. New York.

March 28, 1997.

Michael S. Felman, Brooklyn, NY, for Plaintiffs.

Zachary W. Carter, U.S. Atty., Eastern District of New York by Claire S. Kedeshian, Brooklyn, NY, for Defendant.

## MEMORANDUM AND ORDER

TRAGER, District Judge.

This is an action brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680 (1994). Plaintiffs Marie and Pierrot Romulus seek damages for injuries caused by a collision between a car driven by Marie Romulus and a United States Postal Service truck. The government has moved to dismiss the claims pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, on the ground that plaintiffs have failed to exhaust their administrative remedy, a jurisdictional predicate. Plaintiffs contend that subject matter jurisdiction exists, and that even if the case is dismissed for lack of subject matter jurisdiction they can simply refile.

## Background

Plaintiff Marie Romulus alleges that she was injured by a post office truck that struck her auto from behind on August 19, 1994. She filed a Form 95 claim form with the Postal Service approximately a week later. Her filed claim states that there was no property damage; that she was injured as the result of being struck from behind by the postal truck; and that she "sustained severe personal injuries to her head, body, and extremities, pain and suffering, and emotional distress." Form 95 of Marie Romulus, Ex. A, Declaration of Geraldine Price attached to Def.'s Mot. ("Price Decl."). She sought one million dollars in damages. The date, time, and approximate location of the accident were given, but there was no identification of the driver of the truck, the number of the vehicle,[1] or any other information pertinent to the claim, such as medical records. *See id.* Her spouse Pierrot Romulus also filed a claim at the same time. His claim stated that his wife's vehicle was struck from behind by a Postal Service truck. He sought $100,-000.00 for loss of services and $3,500.00 for damage to the vehicle. *See* Form 95 of Pierrot Romulus, Ex. B, Price Decl.

Subsequently, on November 29, 1994, the government sent to plaintiffs a letter at the address they provided on the form, acknowledging receipt of their claim. *See* Price Decl. ¶ 6. On March 7, 1995, the government wrote to plaintiffs, stating that they had not provided information about their claim. In this letter, the government stated:

> Postal Regulations ... [39 C.F.R. §§ 912.7, 912.8] provide that a claimant shall submit substantial evidence to prove the extent of any losses incurred and any injury sustained, so as to provide the Postal Service with sufficient evidence for it to properly evaluate the claim, in order to exhaust the administrate remedy provided in the Federal Tort Claims Act.

> Therefore, if you fail to furnish the information requested, you will not have presented valid claims because of failure to submit the required support material, and you may not have met the jurisdictional requirement of filing an administrative claim as required by 28 U.S.C. 2675(a).

Letter to Plaintiffs from Geraldine Price of 3/7/95, Ex. D, Price Decl. Plaintiffs did not respond. *See* Price Decl. ¶ 8. The government wrote again on October 4, 1995, again requesting information. Plaintiffs again failed to respond. *See id.* ¶ 9–10. On November 7, 1995, the government notified plaintiffs that their claim was deemed abandoned—and thus denied—on the ground that the plaintiffs had made no effort to contact the Postal Service "concerning the requested information." Letter to Plaintiffs from Price of 11/7/95, Ex. D, Price Decl. Plaintiffs acknowledged receipt of this letter. *See id.* ¶ 12. The return of this receipt form and the initial claim forms are the only communications between plaintiffs and the Postal Service. *See id.* ¶ 13. Plaintiffs then filed their

---

**1.** Plaintiff's complaint does provide a vehicle number. *See* Compl. ¶ 3.

complaint on February 26, 1996, seeking $1,000,000.00 in damages for Marie Romulus and $250,000.00 in damages for Pierrot Romulus.

## Discussion

The Federal Tort Claims Act allows suits against the United States, to the extent that a private party would likewise be liable, for certain torts of its employees. *See G.A.F. Corp. v. United States*, 818 F.2d 901, 904 (D.C.Cir.1987) (citing *United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976)). The Federal government has, however, retained the power to define the limits of this waiver of immunity, as well as the ability to establish jurisdictional prerequisites for suit. *See G.A.F. Corp.*, 818 F.2d at 904. Section 2401(b) establishes a two year statute of limitations:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b)(1994). Section 2675(a) imposes a presentment requirement which must be satisfied to obtain jurisdiction to sue the United States. *See id.* Section 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agen-

cy in writing and sent by certified or registered mail.[2] 28 U.S.C. § 2675(a) (1994). As courts have observed, § 2675 was enacted with the goal of settling tort claims by requiring that claims be presented to the appropriate agency before suit is brought. *See G.A.F. Corp.*, 818 F.2d at 917–19; *Johnson v. United States*, 788 F.2d 845, 848 (2d Cir.1986); *Adams v. United States*, 615 F.2d 284, 288–89 (5th Cir.1980). Congress did not define presentment, but courts have held that a claim meets the presentment requirements of § 2675(a) when the claim is "specific enough to serve the purposes intended by Congress in enacting § 2675(a)—'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims.'" *Johnson*, 788 F.2d at 848–49 (quoting S.Rep. No. 1327, 89th Cong. 2d Sess. 2 (1966), *reprinted in* 1966 U.S.C.C.A.N. 2515, 2516). At the same time Congress enacted § 2675(a), it enacted § 2672, which grants authority to an agency to settle a claim.[3] Pursuant to § 2672, the Postal Service promulgated regulations governing the settlement of claims presented to it; these regulations state that a claimant may be required to provide information including, in the case of personal injury, "[a] written report by his attending physician ... setting forth the nature and extent of the injury...." 39 C.F.R. § 912.7 (1996). The government argues that because plaintiffs failed to comply with these regulations, they have failed to properly present their claim, and so their suit should be dismissed for lack of subject matter jurisdiction. Plaintiffs do not dispute that they failed to respond to the requests for information; rather, they assert that they need not do so.[4] Plaintiffs argue that the exhaustion

---

**2.** 28 U.S.C. § 2675(b) provides that an action shall not be instituted for a sum in excess of the amount of the claim presented to the Federal agency, except where the increased amount is based upon newly discovered evidence. This section would appear to bar Pierrot Romulus' claim in excess of $100,000.00.

**3.** Section 2672 provides:

> The head of each Federal agency ... in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim

for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States ... would be liable....

28 U.S.C. § 2672 (1990).

**4.** At oral argument, plaintiff's counsel stated that plaintiffs had not responded to the Postal Service's requests for information because they had had trouble obtaining Marie Romulus's medical

requirement is not a jurisdictional predicate; the true jurisdictional predicate is the filing of the Form 95 providing notice to the government. The parties do not dispute that the claimants each filed a Form 95.

The precise issue, then, is whether the procedures specified in § 2672 should be considered part of the presentment requirement established by § 2675(a). This issue has not been resolved in the Second Circuit. In *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir.1983), the court noted that disagreement existed over "whether the administrative filing requirements of Section 2675—which are jurisdictional in nature— should be read in the light of regulations issued under 28 U.S.C. § 2672" but declined to decide the issue. *See Keene*, 700 F.2d at 841 n. 9.[5] The *Keene* court did note that because a claim filed under the FTCA is one permitted pursuant to a waiver of immunity, the notice of claim is a jurisdictional predicate, and compliance with § 2675 is strictly construed. *See id.* at 841.

In *Johnson v. United States*, 788 F.2d 845 (2d Cir.1986), the court held that a plaintiff who had filed a Form 95 that gave details of a sexual assault and subsequent injuries by a postal employee provided sufficient notice. The court held that although the Form 95 did not set forth all the facts that would be required in a complaint to state a cause of action for negligent supervision, it provided enough information "to enable [the agency] to investigate the matter." *Johnson*, 788 F.2d at 849. There, "a reasonably through investigation of the incident should have uncovered any pertinent information in the government's possession relating to the agency's knowledge, or lack of knowledge, of any prior sexual misconduct by its employee...." *Id.* The court did not, however, discuss whether § 2675(a) should be read with reference to regulations issued under § 2672.

Other circuits have split on the question of whether § 2675(a)'s presentment requirement should be construed to include compliance with the regulations issued under § 2672. In *Swift v. United States*, 614 F.2d 812 (1st Cir.1980), the Court of Appeals for the First Circuit held that a failure to submit documentation for a tort claim after repeated requests by the agency barred suit by the plaintiff. In *Swift*, the plaintiff had submitted a Form 95 seeking damages both for wrongful death and personal injury. As here, the agency wrote to plaintiff several times, stating that the portion of the claim relating to personal injury could not be considered without further information; the plaintiff failed to respond, and the agency denied the claim. *See Swift*, 614 F.2d at 813–14. The court held that the plaintiff's failure either to provide the requested information or to inform the agency that she would not pursue the personal injury portion of the claim "prevented the agency from further evaluating the claim for settlement purposes, the very reason for the stringent claim requirements set forth in 28 U.S.C. § 2675(a)." *Id.* at 814 (citing *Kornbluth v. Savannah*, 398 F.Supp. 1266 (E.D.N.Y. 1975)). As a result, the six month period for the agency to act was never invoked, and the claim was dismissed. *See Swift*, 614 F.2d at 814. The Court of Appeals for the Eighth Circuit has also held that a failure to provide information specified in the C.F.R. will result in a claim's dismissal. *See Lunsford v. United States*, 570 F.2d 221, 226 (8th Cir.1977).

However, a majority of the circuit courts that have addressed this issue have taken the position that a distinction can be drawn between presentment under § 2675(a) and settlement procedures under § 2672. The leading case in this regard is *Adams v. United States*, 615 F.2d 284 (5th Cir.1980), *decision*

records. No evidence was offered in support of this assertion.

**5.** As the *Keene* court noted, at least two Southern District cases had also held that § 2672 should be read in conjunction with § 2675. *See Keene*, 700 F.2d at 841 n. 9 (citing *Luria v. Civil Aeronautics Bd.*, 473 F.Supp. 242, 244 (S.D.N.Y. 1979); *Kantor v. Kahn*, 463 F.Supp. 1160 (S.D.N.Y.1979)). More recently, however, Judge

Leisure has held that proper notice under § 2675 does not require compliance with § 2672, and Judge Amon, in the CERCLA context, has similarly held. *See Byrne v. United States*, 804 F.Supp. 577 (S.D.N.Y.1992); *55 Motor Ave. Co. v. Liberty Indus. Finishing Corp.*, 885 F.Supp. 410 (E.D.N.Y.1994). The statutory framework is discussed in detail in *G.A.F. Corp. v. United States*, 818 F.2d 901, 904–05, 917–19 (D.C.Cir.1987).

*clarified on denial of reh'g,* 622 F.2d 197 (5th Cir.1980). In *Adams,* plaintiffs brought a negligence action for injuries their child suffered during birth at a VA hospital. Prior to bringing suit, the plaintiffs had provided authorizations for medical records, most of which were apparently already in the government's possession. On a motion to dismiss the claim, the court rejected the government's argument that a failure to comply with the settlement procedures set forth in the C.F.R. deprived the court of subject matter jurisdiction: "The requirements of section 2675 and of section 2672 are, therefore, independent. Presentation of a claim and its settlement are distinct processes...." *Adams,* 615 F.2d at 290. The court held that a claimant provides sufficient notice to establish jurisdiction under § 2675 when she "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Adams,* 615 F.2d at 289. Several other circuits have since adopted the *Adams* rationale. *See G.A.F. Corp.,* 818 F.2d at 919 ("To conflate the mandatory presentment requirement of Section 2675(a) with the settlement procedures of Section 2672, and require claimants to substantiate claims for settlement purposes as a prerequisite for filing suit, is to compel compliance with settlement procedures contrary to congressional intent.") (footnote omitted); *Charlton v. United States,* 743 F.2d 557 (7th Cir.1984); *Warren v. United States Dep't of Interior Bur. of Land Management,* 724 F.2d 776 (9th Cir. 1984) (en banc); *Tucker v. United States Postal Service,* 676 F.2d 954 (3rd Cir.1982); *Douglas v. United States,* 658 F.2d 445 (6th Cir.1981).

■ In accord with other decisions in this circuit, the *Adams* rationale is the proper interpretation of the presentment requirement in § 2675(a).[6] The distinction drawn between settlement procedures and presentment requirements is a straightforward one that comports with congressional intent to allow suits against the United States and to facilitate settlement of claims. In this regard, it is significant that once a claim has been properly presented, § 2675 allows an agency only six months to make a final decision before suit can be brought. This framework allows simple claims to be settled, while complex claims, which most likely cannot be settled within six months, can be adjudicated. *See G.A.F.,* 818 F.2d at 918. If adequate notice has been given, compliance with settlement procedures is not a jurisdictional predicate, for "[p]resentment is mandatory; settlement is merely optional." *Id.* (footnote omitted). Therefore, a claim is properly presented pursuant to § 2675(a) when the claimant files (1) a written notice of claim that sufficiently describes the injury so that the agency can "investigate and ascertain the strength of a claim" and (2) a sum certain damages claim. *Id.* at 920.

Although a plaintiff need not comply with the settlement procedures set out in the C.F.R. pursuant to § 2672 to establish proper presentment, she must nevertheless show that she has provided adequate notice. The government argues that this has not been done here, relying on *Kornbluth v. Savannah,* 398 F.Supp. 1266 (E.D.N.Y.1975) (Orrin G. Judd, J.), the facts of which are almost identical to those presented here. In *Kornbluth,* the plaintiff brought an action under the FTCA for damages for personal injury suffered as a result of a collision with a postal truck. The plaintiffs filed the appropriate forms, seeking damages of $100,000.00 for "multiple bodily injuries." *Id.* at 1267. As here, the Postal Service twice wrote to plaintiffs stating that a personal injury case

---

6. *See Byrne v. United States,* 804 F.Supp. 577, 581–82 (S.D.N.Y.1992) (holding that compliance with 28 C.F.R. § 14 is not an element of the notice requirement because Congress did not grant authority to executive branch to promulgate jurisdictional requirements); *Blue v. United States,* 567 F.Supp. 394, 397 (D.Conn.1983) (noting that the purpose of the exhaustion requirement "was not to make recovery from the government more difficult"). The jurisdictional argument made in *Byrne* is also made in *G.A.F.,* where the court observed that to hold otherwise would be tantamount to allowing an agency to set the jurisdiction of an Article III court, in the absence of any statutory grant of authority. *See G.A.F.,* 818 F.2d at 920.

Moreover, *Johnson v. United States,* 788 F.2d 845 (2d Cir.1986) represents an implicit adoption of the *Adams* rationale, since there is no discussion of § 2672 or the C.F.R. *See Johnson,* 788 F.2d at 848.

required written reports of the physicians. The plaintiffs failed to respond, and the Postal Service deemed their claims denied. On a motion to dismiss by the government, plaintiffs argued that the permissive language of the C.F.R. demonstrated that there was no requirement to provide medical records. Judge Judd rejected this argument, finding that the plaintiffs' failure to provide the requested information was fatal:

> The purpose of requiring preliminary administrative presentation of a claim is to permit a government agency to evaluate and settle the claim at an early stage, both for the possibility of financial economy and for the sake of relieving the judicial burden of FTCA suits. These purposes would be defeated if a claimant could refuse to submit the information necessary for the agency to evaluate the claim and then present the matter for the first time to a district court.

*Id.* at 1268. Judge Judd went on to note that even though plaintiffs had submitted affidavits with documentation in support of their claim, there was no dispute as to the fact that the "plaintiff failed to heed requests for the necessary additional information." *Id.*

Plaintiffs here argue that the *Kornbluth* rationale is no longer good law in the wake of the *Adams* decision. However, the *Adams* court decided only that the settlement procedures set forth in the C.F.R. were not presentment requirements; the case did not discuss what constituted sufficient notice. Two months after it issued its *Adams* opinion, the Court of Appeals for the Fifth Circuit clarified its meaning. In denying a motion for reargument, the court stated:

> This case is before us again on the appellee's petition for rehearing. We write only to clarify one part of our prior opinion. *See Adams v. United States,* 615 F.2d 284 (5th Cir.1980). In all other respects, the petition for rehearing is denied.
>
> The present appeal does not present a case in which the notice of claim presented by the claimant in an executed standard form 95 was inadequate in content or detail. *See id.* at 289–90. We deal instead with another problem. We hold that the agency lacks the power to require that the claimant supplement a notice of claim, that contained "enough details [about the underlying incident from which the complaint arose] to enable the agency to begin its own investigation." *Id.* at 292. We reject the First Circuit's opinion in *Swift v. United States,* 614 F.2d 812 (1st Cir.1980), to the extent that it conflicts with such holding. We have not, however, intimated an opinion as to the effect, if any, a claimant's refusal to comply with an agency's reasonable request for supplemental information to clarify an inadequate claim would have on the issue of jurisdiction in a subsequent action for damages brought pursuant to the Federal Tort Claims Act.

*Adams v. United States,* 622 F.2d 197 (5th Cir.1980) (per curiam).

Although plaintiffs apparently assume that filing of a Form 95 is sufficient, as the clarified *Adams* opinion indicates, the case law is not settled on this point. In addition to *Adams,* plaintiff also cites *Douglas v. United States,* 658 F.2d 445 (6th Cir.1981) in support. In *Douglas,* the Court of Appeals for the Sixth Circuit adopted the *Adams* rationale, holding that a plaintiff had sufficiently complied with the jurisdictional predicate to maintain a claim where he had filed a Form 95 and had complied with some, though not all, requests for information from the government. The court distinguished, but did not reject *Kornbluth,* on the ground that in this case, the failure to provide information was not as egregious. *See Douglas,* 658 F.2d at 448. The court noted that in *Kornbluth,* "damage was so conclusorily asserted that investigation was difficult if not impossible; in both cases it was truly impossible for the government agents to place a meaningful value on the asserted claims." *Id.* Plaintiffs also cite *Hoaglan v. United States,* 510 F.Supp. 1058 (N.D.Iowa 1981) in support of their argument. However, while *Hoaglan* adopts the rationale of *Adams* in the context of an automobile accident and holds that a Form 95 is sufficient, the content of the Form 95 is not discussed. *See Hoaglan,* 510 F.Supp. at 1060 n. 2 (noting correspondence between the plaintiffs' lawyer and the government agency). A close analysis of this issue is found in *Surratt v. United States,*

582 F.Supp. 692 (N.D.Ill.1984), which applied the *Adams* rationale to another case involving treatment in a VA hospital. In that case, the court held that the filing of a Form 95 coupled with additional information on the back of the form provided sufficient notice to provide jurisdiction. *See Surratt*, 582 F.Supp. at 699 (holding that jurisdiction was proper where the agency did not state that the information it requested was necessary to investigate the claim).

In all of the cases cited by plaintiffs, presentment under § 2675(a) was found to be proper in cases where the plaintiffs had provided a Form 95, and the relevant information was either in the government's possession, or the Form 95 itself provided sufficient information to provide notice. Moreover, none of the cited cases considered the question of a plaintiff who filed a conclusory form and subsequently refused to respond to requests for information. Thus, in *Johnson*, the notice of claim was sufficient because, given the nature of the claim, the Post Office could reasonably be said to have knowledge regarding prior sexual assaults by its employee. *See Johnson*, 788 F.2d at 849. Likewise, in *Douglas*, the claim arose out of treatment at a government facility, and in *Adams*, the plaintiff had made an effort to comply with the request for additional information.

Substantially different issues are raised in this case, for here none of the relevant information that would provide the government with a basis to evaluate the claim is within its possession. Moreover, the little information that was presented was presented in a conclusory form, making it essentially impossible to evaluate the claim. The rationale of the *Kornbluth* case remains valid, for regardless of whether the regulations promulgated pursuant to § 2672 are considered elements of presentment, a plaintiff must still properly present her claim to the agency so that it can be evaluated.

The Supreme Court recently affirmed the importance of the presentment requirement of § 2675(a). In *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), a pro se plaintiff had begun an FTCA action before obtaining a denial of his claim. The Supreme Court held that his claim must

be dismissed because he had failed to completely exhaust his administrative remedy prior to suit. The Court construed the statute strictly, holding that the claim must be dismissed even where no substantial progress has occurred. The Court's rationale for its strict construction of § 2675(a) is especially relevant here:

> The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system[ ] and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims.

*Id.* at 112, 113 S.Ct. at 1983 (footnote omitted).

■ The same concerns are present here. Neither of the purposes identified in *McNeil*—easing congestion and avoiding litigation—would be served by allowing this action to go forward; indeed, they would both be frustrated. Permitting a plaintiff to maintain an action after submitting a conclusory form that provided no information, especially where, as here, the plaintiffs failed to reply to requests for information that was solely within their possession would eviscerate the statute's purpose. *Adams* and its progeny stand for the proposition that the plaintiff need not provide all possible information to satisfy the jurisdictional predicate; they do not stand for the principle that a claimant can simply refuse to provide an agency with any information to investigate the claim.

Moreover, until oral argument on the motion to dismiss, plaintiffs had made no effort to justify their failure to provide any information to the Postal Service. They have failed to distinguish *Kornbluth*, which is still the leading case on this issue, and, unlike the cases plaintiffs cite, is virtually identical to their case. The continuing relevance of *Kornbluth* to a case like this one, where no effort is made to provide necessary information, is made clear by the holding in *Douglas* and the clarified *Adams* opinion. There does

not appear to be any case that specifically rejects the *Kornbluth* rationale, and plaintiffs have failed to cite such a case.

Plaintiffs, therefore, did not properly present their claim to the Postal Service as required by § 2675(a). Because they failed to properly present their claim, their case must be dismissed for lack of subject matter jurisdiction. Since more than two years have elapsed since plaintiffs' cause of action accrued, their case is barred by the statute of limitations.

█ This case presents two additional issues, one raised by the plaintiffs and one by the government. Plaintiffs argue that the motion to dismiss is pointless because they can simply refile the claim. This contention appears to be premised on the idea that a dismissal for lack of subject matter jurisdiction is normally not a decision on the merits. *See* Fed.R.Civ.P. 41. In this case, however, a decision that determines that there is no subject matter jurisdiction for lack of proper presentment precludes further litigation on the claim. *See G.A.F. Corp.*, 818 F.2d at 912 (noting that a dismissal for lack of jurisdiction is preclusive as to the issue of jurisdiction). Thus, refiling of the same claim form will result in dismissal since the adequacy of the presentation is being litigated in this action.

█ The second point is raised by the government in support of its motion. The government argues that the letter sent by the Postal Service denying their claim on the ground of abandonment should not be construed as a final denial of their claim by the agency.[7] Doing so, it argues, would result in the complete evisceration of the presentment requirement: a plaintiff could fail to properly present the claim, and simply file suit after the inevitable denial for lack of proper presentment. This concern is misplaced, for two reasons. First, the statute states that a claim must be presented and then finally denied: "An action shall not be instituted . . . unless the claimant shall have first presented the claim . . . *and* his claim shall have been finally denied. . . ." 28 U.S.C. § 2675(a) (emphasis added). Here, since there was no proper presentment, the first element of the requirement is not met.

Second, the denial of the claim in this case is not a denial after consideration by or inaction on the part of the agency, as contemplated by the statute, but rather, a denial because of improper presentment. As such, the denial is not to be construed as a "final denial" within the meaning of the statute. Reading the word "denial" literally in this case would, as the government suggests, eviscerate the purpose behind the exhaustion requirement of § 2675(a), since it would, in essence give a claimant who improperly presented her claim a "pass" into Federal court. This result is not compelled by the statute, its history, or decisional law. Furthermore, since a claimant who properly presents her claim has the option under § 2675(a) to deem the claim denied six months after presentation, construing a denial on the ground of abandonment as a failure to meet the jurisdictional predicate works no hardship in those cases where the claim is properly presented.

Dismissal of a plaintiff's claim when that dismissal has preclusive effect is a harsh result, and not one that should be routinely employed. In this connection, Judge Judd's statement in *Kornbluth* is appropriate here:

7. This letter states, in pertinent part:

On March 7, 1995 and October 4, 1995, I wrote letters informing you that if the requested documentation substantiating your . . . claim for personal injury was not received, nor any indication given as to when it may be received, your claims would be denied. To date, you have not made any effort to contact me concerning the requested information. As such, your claims have been deemed abandoned and it is hereby denied.

Regulations require us to inform you that if you are dissatisfied with the action on your claims, you may file suit against the United States of America in an appropriate United States District Court not later than six months from the date of mailing this letter. . . .

Letter from Price to Marie & Pierrot Romulus of November 7, 1995, Ex. F, Def.'s Mot.

This letter cannot itself confer jurisdiction. First, is merely a notice to plaintiffs informing them of the status of their claim, and cannot be construed to confer jurisdiction. Second, insofar as the letter refers to Postal Service regulations, those regulations cannot confer jurisdiction in the absence of a grant of statutory authority. *See Byrne v. United States*, 804 F.Supp. 577, 581–82 (S.D.N.Y.1992).

Judicial sympathy for a plaintiff whose neglect has deprived him of a valuable right is tempered in this case by the court's observation that the injuries appear not to be very serious, and that the failure of plaintiff Kornbluth and his attorney to respond for over two years to the requests for medical information indicates that they did not treat the matter as one of urgent concern.

*Kornbluth*, 398 F.Supp. at 1268. As in *Kornbluth*, plaintiffs have forfeited their claim through their own act of failing to present their claims, as required by § 2675(a).

### Conclusion

For the foregoing reasons, the defendant's motion to dismiss for lack of subject matter jurisdiction is granted. The Clerk of the Court is directed to close the case.